MACK DOUGLAS, *Plaintiff in Error*, v. E. L. SMITH, AS SHERIFF OF VOLUSIA COUNTY, FLORIDA, *Defendant in Error*.

## Opinion Filed December 10, 1913.

1. Section 3768 Gen. Stats. of 1906, is a valid statute containing two clauses. The first clause prohibs the use of seines or nets, except minnow nets for catching bait, between May 1st, and November 1st, of any year. At other times of the year under the second clause, fishing with seines or drag nets is prohibited only when the meshes are less than two inches square measure, or four inches when stretched.

2. Section 3773 Gen. Stats. of 1906, furnishes the general rule for the size of meshes for seines or nets *in the waters of the State of Florida* generally, and Section 3768 Gen. Stats. of 1906, prescribes an exceptional rule applicable to fresh water rivers, creeks, bayous or streams in the State, and these sections are not conflicting.

3. Section 9, Art XVI of the Constitution of Florida, as amended in 1894, controls the disposition of fines and forfeitures, and an act of the Legislature providing for forfeitures and fines for illegal fishing, and containing a clause devoting the proceeds to the school fund of the county, is to the extent of such a provision nugatory; but otherwise constitutional, when such a provision does not appear to have the controlling consideration in the enactment of the statute.

4. The provision for a forfeiture of the seines, nets, boats, &c., used in violation of Section 3771 is not to be regarded as a penalty, but as a method of breaking up illegal fishing—and for the protection of fish, in the exercise of the police power of the State.

5. Under the Florida Statute, every offense which is not a felony, is a misdemeanor. To catch fish in violation of Section 3768 Gen. Stats. of 1906, is unlawful, and is an offense and therefore a misdemeanor. Such a misdemeanor when its punishment is not otherwise provided for, is punishable under Chapter 6222 Acts of 1911.

Writ of error to Circuit Court of Volusia County; J. W. Perkins, Judge.

Judgment affirmed.

*Jones & Jones* and *Bisbee & Bedell,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for Defendant in Error.

HOCKER, J.—The plaintiff in error, on the 21st of October, 1913, filed in the Clerk's office of the Circuit Court of Volusia County, his petition for a writ of *habeas corpus,* alleging that he was illegally detained by E. L. Smith, the Sheriff of that county, who holds petitioner to answer a certain information filed in the Criminal Court of Record in and for Volusia County, Florida, and not otherwise, which information, omitting formal parts, is as follows:

"In the name and by the authority of the State of Florida: R. P. Hamlin, County Solicitor for the County of Volusia, prosecuting for the State of Florida, in the

said county, under oath, information makes that Rufus Douglass, Mack Douglass and Brad Douglass, late of the County of Volusia and State of Florida, on the 18th day of April, in the year of our Lord one thousand nine hundred and 13 in the county and State aforesaid, with force and arms, did then and there unlawfully haul or drag a seine in the waters of one of the fresh water rivers of the State of Florida, to-wit: in the waters of the St. Johns River, for the purpose of catching food fishes, the meshes of which seine were less than two inches when stretched, against the form of the statute in such case made and provided, to the evil example of all others in like case offending, and against the peace and dignity of the State of Florida.                                            ,

Wherefore the said R. P. Hamlin, County Solicitor as aforesaid, prays the advice of the said court in the premises, and that process as provided by law may issue upon this information."

The petition alleges that the statute on which the information is based is illegal, unconstitutional and void. On the hearing, the Circuit Judge denied the petition, and remanded the petitioner to custody. This order is here for review on writ of error.

The assignments of error are, first, that the information charges the commission of acts which are not offenses against any valid law of this State, and, second, the statute against which Douglass is supposed to have offended imposes no penalty within the jurisdiction of the Criminal Court of Record to inflict.         ,

The information is based on Section 3768 of the General Statutes of 1906, which is as follows: "It shall be unlawful for any person or persons to haul or drag any seine or net of any kind in the waters of any of the fresh water rivers, creeks, bayous or streams in the State of

Florida, for the purpose of catching food fishes, between May 1st and November 1st of any year, or with any seine or drag net with meshes less than two inches square measure or four inches when stretched; but the use of minnow nets is hereby allowed for the purpose of catching bait." A forfeiture for the violation of this section is contained in Section 3771 General Statutes of 1906. That section is as follows: "In all cases of arrest and conviction under Sections 3767 and 3768, the party or parties so convicted shall forfeit all seines, nets, boats and other apparatus being used by them at the time of arrest in such violation and the said seines and nets, boats and other apparatus shall be sold and proceeds applied to the school fund of the county in which offense was committed."

It seems to us that Section 3768 is valid, and that its meaning is clear. The first clause forbids the use of seines or nets except minnow nets for catching bait, between May 1st and November 1st, of any year. At other times of the year under the second clause, any seine or drag net with meshes more than two inches square measure, or more than four inches when stretched, is not forbidden, if the dimensions of the meshes are as stated or over. The information is based on this second clause of the section, and charges the use of a seine, the meshes of which were of less dimensions than those provided by the statute. The information therefore charges a violation of the second clause of the section.

It is contended that Section 3773 General Statutes of 1906, makes it unlawful for any person "to catch any fish in any of the waters of the State of Florida with any seine or net, bait or cast nets excepted, the meshes of which shall be less than one and one-half inches," and

that there is a conflict between that section and section 3768.

Section 3773 was originally a part of Chapter 4557 Acts of 1897, of a general nature, applicable to *all* waters of the State of Florida. Section 3768 was a part of Chapter 4786 Acts of 1899, and made an exceptional rule applicable to fresh water rivers, creeks, bayous or streams in the State of Florida. As it is our duty to harmonize sections 3768 and 3773 if we can do so without violence to the language of the two sections, we think we can do so by adhering to this distinction between the two sections, the one as giving the general rule, and the other as making an exception to that rule. Thus construed there is no conflict between the two sections. Curry v. Lehman, 55 Fla. 847, 47 South. Rep. 18.

Something was said in argument about the clause in section 3771 which applies the proceeds of forfeited seines etc. to the School Fund of the county in which the offense was committed, when by the amendment to Section 9, Article XVI of the Constitution of 1885, adopted in 1894, fines and forfeitures collected under the penal laws of the State shall be paid into the county treasury of the respective counties as a General County Fund to be applied to such legal costs and charges (named in the preceding part of the amended section). The constitution of course controls the disposition of fines and forfeitures, and the clause in Section 3771 providing otherwise is simply nugatory; but this does not affect the valid part of the section, as this clause of the section does not appear to have been the controlling consideration in the enactment of the section. State v. Atlantic Coast Line R. Co., 56 Fla. 617, 47 South. Rep. 969. We think this section is constitutional. But a serious question is presented whether the provision in section 3771 Gen. Stats.,

providing for the forfeiture and sale of seines, nets boats, etc., used in violation of the section upon conviction of the parties, is to be regarded as a penalty for the criminal offense, or simply as a forfeiture of the implements used illegally. If we go back to Chapter 4559 Laws of 1897, as amended by Chapter 4790, Acts of 1899, from which the Revisers of 1906 took sections 3768 and 3771 Gen. Stats. of 1906, we find that they omitted section 6 of Chapter 4558 Laws of 1897, which provides that violators of the act should upon conviction be fined not exceeding 100.00 or be imprisoned not exceeding 90 days. The previous section 5 provided for the forfeiture of seines, nets, boats, etc., as we have it in section 3771 Gen. Stats. of 1906. It seems evident therefore that the Legislature in passing Chapter 4558 did not regard the forfeiture of the seines, nets, etc., as the penalty for the violation of the law, but did regard the fine and imprisonment as such penalty. To hold that the provision for a forfeiture of the seines, nets, boats, etc., is the penalty provided by law for its violation, might make the act operate unfairly and unequally upon offenders. For if A, B, C and D were jointly engaged in the illegal use of nets, etc., and A happened to be the owner of these nets, seins, boats, etc., he would lose his property by forfeiture, whereas B, C and D would escape punishment entirely; for in the General Statutes of 1906 there is no provision for their punishment. See §3796 and 3797. We are constrained to hold therefore that the provision for forfeiture of seines, nets, boats, etc., in section 3771, was not intended as a penalty in the original act, and cannot be so regarded in section 3771 General Statutes of 1906. It was simply a method of breaking up illegal fishing. 1 Bishop's New Crim. Law, §816. The State in the exercise of its police power might, if it had seen fit, have provided for

the destruction of such nets, etc. See Lawton v. Steele, 152 U. S. 133, 14 Sup. Ct. Rep. 499. But the General Statutes of 1906, Section 3176, is as follows: "Any crime punishable by death or imprisonment in the State prison, is a felony, and no other crime shall be so construed. *Every offense* is a misdemeanor." This doubtless means that every offense which is not by law a felony, is a misdemeanor. It therefore appears that the facts set up in the information are not only unlawful under Section 3768 Gen. Stats. of 1906, but they are an offense and a misdemeanor under Section 3176 Gen. Stats. of 1906. See 1 Bishop's New Crim. Law, §623, 624. It appears, however, that there is no penalty attached to this offense in the General Statutes of 1906. The law seems to have remained in that situation until the adoption of Chapter 5920, Acts of 1909, the title of which is as follows: "An Act Prescribing Punishment for the Commission of Misdemeanors in this State When Not Otherwise Provided by Statute." In Snowden v. Brown, 60 Fla. 212, 53 South. Rep. 548, this court held that the title of this Act was not broad enough to cover the case of a statute (Chap. 5973) where the penalty provided was unconstitutional. But that is not the situation with which we are dealing now. We think that the General Statutes of 1906 provide no penalty to be inflicted upon the violators of Section 3768 Gen. Stats. of 1906, as distinguished from a mere forfeiture of the implements used. In 1911, the Legislature adopted Chapter 6222. This act with its title reads as follows:

"AN ACT to Amend Section One of Chapter 5920, Laws of Florida, entitled 'An Act Prescribing Punishment of Misdemeanors in This State, When Not Otherwise Provided by Statute.'

*Be It Enacted by the Legislature of the State of Florida:*

Section 1. That Section 1 of said Chapter 5920, Laws of Florida, be, and the same is hereby amended to read as follows:

Section 1. The punishment for commission of crimes other than felonies in this State, when not otherwise provided by statute, or when the penalty provided by such statute is ineffectual because of the constitutional provisions, or because the same is otherwise illegal or void, shall be a fine not exceeding two hundred dollars or imprisonment not exceeding ninety days, or both, at the discretion of the court.

Sec. 2. That all laws and parts of laws in conflict with this Act, be, and the same are hereby repealed."

We are of the opinion that the offense charged in the information upon which the plaintiff in error was arrested is punishable under Chapter 6222, Acts of 1911.

The judgment of the court below is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND WHIT-FIELD, J. J., concur.