114

STATE *v.* FORD VICTORIA AUTOMOBILE.

*Louis C. Wyman,* Attorney General, *Warren E. Waters,* Assistant Attorney General and *Arlond C. Shea,* County Solicitor, (the Assistant Attorney General orally) for the State.

*Bernard I. Snierson* for Elizabeth D. Houston.

*Wyman, Starr, Booth, Wadleigh & Langdell* (*Mr. Wadleigh* orally), for New Hampshire Finance Company.

DUNCAN, J. The agreed statement of the facts establishes that at the time of the offense for which Houston was convicted, the Ford Victoria in question was being used to transport one or more artificial lights and the Mauser rifle which is subject to forfeiture in the companion action. No claim is made that Houston was using the automobile without his wife's consent. It is agreed that the interest of New Hampshire Finance Company is *bona fide,* and was created in the usual course of business "upon the reasonable belief and understanding that . . . Houston was a law abiding citizen and of excellent reputation."

The Trial Court nevertheless ruled that the statute "provides for the forfeiture of 'any vehicle in which the same (firearms, jacks, etc.) is being transported,' . . . does not exempt the forfeiture of the vehicle in cases where *bona fide* liens were created" and "clearly expresses the intention of the Legislature that there is to be no exception in favor of innocent lienholders," but there shall be " 'put upon the lienholder the burden of the chance as to what one in lawful possession of the car might do with it.' " To these rulings the claimants excepted.

The statute which gives rise to this proceeding provides in part as follows: "No person shall have in his possession any jack or artificial light, swivel, pivot or set gun while hunting wild birds or wild animals. . . . Any person convicted of illegal night hunting shall forfeit such firearms, jacks, or any other equipment used or usable in the illegal night hunting at the time of such violation, including any vehicle in which the same is being transported." R. L., c. 242, s. 6. (Amended as to other provisions by Laws 1947, c. 161, s. 1; Laws 1951, c. 119, s. 1). As will be observed, the statute contains no provision for the preservation or payment of liens upon vehicles thus made subject to forfeiture. *Cf.* R. L., c. 170, s. 35.

Prior to 1935, the statute providing for the forfeiture of vehicles used in the illegal transportation of liquor similarly made no provision for the protection of the interests of innocent lienholders. P. L., c. 144, s. 40. In a libel for forfeiture arising under that statute, it was held that the legislative purpose was to "put upon the lienholder the burden of the chance as to what one in lawful possession of the car might do with it." *State* v. *Buick Coach,* 83 N. H. 288, 289. See also, *State* v. *Nash Runabout,* 84 N. H. 122.

The claimants in the case before us point out that the language of the statute there involved which provided that "the said vehicle . . . may be adjudged forfeited," differed from the language of R. L., c. 242, s. 6, *supra*, that "any person convicted . . . shall forfeit . . . any vehicle . . . ." The argument is made that the latter phraseology shows an intention to forfeit only the interest of the "person convicted."

With no more guidance than the words of the statute, this might be a plausible interpretation; but in the light of the general statute relating to forfeiture of personal property, (R. L., c. 432) and of the legislative history of the act now before us, we are unable to adopt the claimants' view.

Revised Laws, chapter 432, establishes the procedure to be followed "whenever personal property is forfeited for violation of law." *S*. 1. Notice is required to the owner, who may "show cause why a decree of forfeiture should not be passed" (*s*. 4) and upon trial "the cause of forfeiture alleged being proved, the court or justice shall make a decree for the forfeiture and disposition of the property and a distribution of its proceeds according to law" (*s*. 7). These provisions had long been law when the illegal night hunting statute was enacted in 1935 (Laws 1935, c. 124, s. 2), and served to govern forfeiture proceedings in a variety of instances. See P. L., c. 139, s. 20 (misbranded or adulterated foods and drugs); c. 148, ss. 1-3, (stored gunpowder); c. 384, s. 10 (gambling implements.)

The legislative history of the illegal night hunting provisions discloses that an unsuccessful effort was made to eliminate from the bill the phrase "including any vehicle in which the same is being transported." Senate Journal, (1935) 408, 458; House Journal, (1935) 999, 1065-6. At the same session there was adopted an amendment to the liquor laws which changed the rule of the *Buick* case *supra*, by providing relief from forfeiture for holders of *bona fide* liens upon vehicles used for illegal transportation. Laws 1935, c. 148.

In the light of these surrounding circumstances, the action of the 1935 Legislature with reference to the statute here invoked indicates an intention that all interests should be forfeited because no provision was made for the protection of innocent claimants as was done in chapter 148, *supra*.

In view of the provisions of R. L., c. 432, *supra*, requiring that upon proof of the cause of forfeiture, the court shall make "a decree for the forfeiture and disposition of the property and a distribution

of its proceeds, according to law" (s. 7), this intention seems plain. If forfeiture of the property, as distinguished from a particular interest in it, is not to be decreed, some reservation in favor of innocent rights must appear in the law. Since no special provision was made in this instance, either with respect to "disposition of the property [or] a distribution of its proceeds," a decree of "forfeiture . . . of the property" was required by s. 7, c. 432, R. L., *supra.* We conclude that the Trial Court correctly applied the law.

This construction does not, as has been suggested, produce unequal punishment where several offenders including the owner of a vehicle are involved. Upon conviction, each offender is subjected to penalty imposed under s. 19, c. 242, of the Revised Laws. Forfeiture of the offending vehicle is by separate proceeding, in an action *in rem,* brought under R. L., c. 432. Forfeiture is not a further penalty upon the owner, but one upon the vehicle itself, as a means of confiscating property employed in furthering the offense. If it be a radical measure, it is nevertheless taken for the purpose of eliminating an implement of illegal activity which is considered difficult of control, and highly undesirable. See *State* v. *Buick Coach, supra; Goldsmith-Grant Co.* v. *United States,* 254 U. S. 505; *Douglas* v. *Smith,* 66 Fla. 460, 465. The remedy of legislative amendment may be readily used if the consequences to innocent persons are now thought to be unduly severe as apparently was the case with respect to the provisions of the liquor laws.

The order is

*Exceptions overruled.*

All concurred.