JOSEPH L. STEEN, PLAINTIFF IN ERROR, VS. ROSS, KEEN & CO., DEFENDANTS IN ERROR.

1. An attachment is "improperly" sued out within the meaning of the statute when the plaintiff has no meritorious cause of action of that class in which the statute authorizes this remedy, or having such a cause of action the ground alleged in the affidavit for its issue is untrue, or not one of the grounds enumerated which must exist before it can be obtained.

2. Where the plaintiff has a meritorious cause of action of the class for which an attachment may lawfully issue, and the cause for its issuance is one of those specified in the statute, and such cause is true, a dissolution of the attachment for some mere ir-

regularity in the papers, is not ground for recovery on the attachment bond for "improperly" suing out the attachment.

3. In an action on an attachment bond for "improperly" suing out the attachment, the declaration must state in what the impropriety of the issue of the attachment, within the meaning of the statute, consisted, and it is not sufficient to allege simply that it was improperly issued.

Writ of Error to the Circuit Court for Escambia county.

The facts of the case are stated in the opinion.

*C. B. Parkhill* and *Wm. Fisher* for Plaintiff in Error.

The demurrer to the declaration is as follows:

I. Because it does not show any breach of the condition of the bond sued upon.

II. Because it does not set forth any cause of action.

1. The declaration does show a breach of condition of bond sued on.

In assigning breaches of the bond, the declaration must show that the attachment was improperly sued out, and what damages and costs the plaintiff has sustained, (Drake on Attachments, §167), and aver that these have not been paid. 11 Paige, Ch. R., 590.

The declaration in this suit recites the suing out of the attachment and the condition of the bond, and avers and shows how the attachment was improperly sued out, " by reason of suing it out without themselves, their agent or attorney, first making oath in writing as required by the statute of Florida, to entitle them to sue out said writ."

Then the declaration avers and shows what damages and costs have been sustained, and avers that the defendant has not paid the same, nor any part thereof, and that these damages are in consequence of improperly suing out said attachment. The attachment must have been improperly

sued out to constitute a breach of the condition of the bond. Sec. 15, chap. 7, McClellan's Dig.

Under what circumstances may the defendant in attachment maintain an action on the bond?

The condition of the bonds, as prescribed by statute of Florida is " to pay all costs and damages the defendant may sustain in consequence of improperly suing out said attachment." §15, chap. 7, McClellan's Dig.

The condition of attachment bonds, as prescribed by the statutes of a majority of the States, is to pay costs and damages where the attachment is *wrongfully obtained* (as in Louisiana and Kentucky,) or by the *wrongful* or *vexatious* suing out of the attachment, (as in Alabama), or where the proceedings of the plaintiff shall be *wrongful* and *oppressive*, (as in Indiana, etc.) In Louisiana, where the attachment must be wrongfully obtained, it is held if a plaintiff voluntarily abandons the attachment suit he renders himself and his sureties responsible in damages. Drake on Attachments, §170, 2 Rob., (La.), 313.

In Kentucky, on the other hand, where the condition of the bond is similar to that in force in Louisiana, a failure to prosecute does not give a right of action on the bond. 8 B. Monroe, 51.

This is, however, where the attachment must be *wrongfully obtained*, and the Supreme Court of Alabama has made a distinction between the term " wrongfully " and the word " improperly," which is the word our statute prescribes. In Sharpe vs. Hunter, 16 Ala., 765, the court held that the word " wrongful," in suing out an attachment, means " not the omissions, irregularities or informalities which the officer issuing the process may have committed in its issuance, but that the party resorted to it without sufficient grounds," and that in Alabama it does not apply to defects in the form of the proceeding, on account of which the attachment

should be dissolved. The terms of our statute, however, do directly apply, by the use of the word "*improperly*," to the " omissions, irregularities or *informalities* which the officer issuing the process may have committed in its issuance." Webster, in his definition of irregularity, says it is a "deviation from what is fit or proper." Therefore, by parity of reasoning, if the Alabamn statute had used the word " improperly," which is synonymous to the word irregularity, the court would have held that " *improperly* " suing out the attachment does mean the " irregularities, omissions and informalities which the officer issuing the process may have committed in its issuance." There is justly a marked distinction between the terms *wrongful* and *improper*. An attachment may be rightfully obtained, but improperly issued, as where a plaintiff having good and sufficient grounds for the attachment, yet fails to obtain a judgment for some defect in the bond or affidavit, which are prerequisites to its issuance, and this is a distinction made in §170, Drake on Attachments.

An attachment may be *improperly sued out* by an utter disregard of the directions and exactions of the statute, prescribing forms and rules for making affidavit, bond, etc., and still the plaintiff may have had good and sufficient grounds for obtaining the attachment, as for instance the defendant may be a non-resident and may owe the plaintiff the debt claimed. The very terms of our statute give the defendant a cause of action where the attachment has been improperly sued out, on account of any *informality in the bond*. The statute reads, " that the bond taken in case of attachment shall not, on account of any *informality* in the same, be adjudged void as against obligors, nor shall they be discharged therefrom, although the attachment be *dissolved by reason thereof*." Surely it would be very hard to draw a distinction between the defendant's (in attachment)

right of action on the bond, where the attachment is dissolved by reason of an informality in the *affidavit*, and where the attachment in the very words of the statute is " dissolved by reason " of an " informality " in the *bond*. We therefore insist that the very terms of our statute give the defendant in attachment a cause of action where the attachment has been improperly sued out by reason of any irregularity, omission or informality in the affidavit or bond, which are pre-requisites to its issuance; and that the declaration does show a breach of the condition of the bond sued upon.

2. The declaration does set forth a cause of action.

The plaintiff, by his declaration, shows and avers what amount he claims to be due for damages upon the attachment bond, and that he had in fact sustained damage by reason of the said attachment, and that certain specified costs were incurred, giving the amount; and that property belonging to the plaintiff had been attached, " his (the plaintiff's) said ship, the Charles Bal, seized under said writ," * * * and averring that he had sustained damage by reason of the attachment and the manner in which said damages had arisen. Which gives him a right of action on the bond. 11 Paige, Ch. R., 579.

*W. A. Blount* for Defendant in Error.

THE CHIEF-JUSTICE delivered the opinion of the court:

The plaintiff in error brought his suit against the defendant in the Circuit Court of Escambia county on an attachment bond. The declaration alleges that Ross, Keen & Co., on June 4th, 1883, sued out an attachment against the goods and chattels of the plaintiff; that said Ross, Keen & Co., in order to obtain the writ of attachment, gave the bond sued on. That said bond was conditioned to pay to

the plaintiff all costs and damages he might sustain in consequence of improperly suing out said attachment. The declaration further alleges that by the judgment of this court it was determined that said attachment was improperly sued out, and that in consequence thereof he was greatly damaged.

To this declaration the defendant filed a demurrer and assigned the following reasons :

1st. Because it does not show any breach of the condition of the bond sued on.

2d. It does not set forth any cause of action.

The Circuit Court sustained the demurrer, and the plaintiff declining to amend his declaration judgment was entered against him.

The plaintiff assigns the sustentation of the demurrer as error.

The writ for the attachment of the property of a defendant, being an extraordinary remedy, authorizing a seizure of his property at the commencement of the suit before there had been a judicial determination as to the fact of his indebtedness to the plaintiff, or even an opportunity for such determination, the law authorizing its issuance has thrown around it several safeguards to protect the defendant from its abuse and to indemnify him for such loss or damage as he may sustain from its improvident issue.

Unlike an ordinary suit it requires the plaintiff to make an affidavit before a competent officer of the justness of his claim, and also of the existence of one or more of the special causes enumerated in the statute as pre-requisite to its issuance. It also requires the plaintiff to give a bond with at least two sureties in double the amount claimed, conditioned to pay to the plaintiff all such costs and damages as he may sustain in consequence of said writ being sued out improperly. In addition it provides that the

court which issued it shall always be open to hear a motion for its dissolution.

These provisions are for the purpose of preventing its improvident use. The declaration alleges that by a decision of this court it was determined that said writ was improperly issued. We think that the word "improperly," as used in the statute, has a broader signification than a mere irregularity, and that it is insufficient to allege as a breach of the condition, although in the express words of the bond, that it was improperly issued. The breach should state with distinctness in what its impropriety consisted. It is only improperly issued when the plaintiff has no meritorious cause of action, of that class of actions in which the law authorizes a resort to the remedy against the defendant, or having such a cause of action the ground alleged in the affidavit for its issue is untrue, or not one of the grounds enumerated which must exist before it can be obtained. We do not think it was intended to cover a case where the plaintiff had a meritorious cause of action of the class for which an attachment may legally issue, and when the cause for its issuance is one of those specified in the statute, and such cause is true if the attachment was dissolved for some irregularity or for some technical reason. Drake on Attachments, secs. 167, 170, 170a; Petit vs. Mercer, 8·B. Monroe, 51; Sharpe vs. Hunter, 16 Ala., 765; 73 Ala., 183; Eaton vs. Nave, McCord & Co., 5 Neb., 469; Nockles vs. Eggspieler, 47 Iowa, 400; Raver vs. Webster, 3 Iowa, 502.

In such a case the breach alleged in the declaration should state the ground on which it was dissolved by positive averments, showing such a failure to comply with the conditions of the bond as the statute meant it to guard against. As to requisites of stating a breach, see 1 Saunders on Pleading and Evidence, p. 654.

There was no error in sustaining the demurrer and the judgment of the court below is affirmed.