I. B. HOOKS, W. R. HOOKS, AND J. W. RICHARDSON, *Appellants*, v. FARMERS UNION WAREHOUSE COMPANY, A CORPORATION, *Appellee.*

1. Where the right given by statute to have judgment entered against sureties upon a forthcoming bond is invoked, the statutory proceeding upon which the right is given must have been substantially followed.

2. Where a forthcoming bond is not payable or conditioned as required by the statute, and the statutory requirement that the value of the property re-taken has not been found when it is required to be by the statute, a judgment entered against the sureties merely upon the bond will be reversed.

This case was decided by Division A.

Appealed from the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*D. J. Jones* and *C. L. Wilson,* for Appellants;

*Paul Carter,* for Appellee.

WHITFIELD, C. J.—The Farmers Union Warehouse Company brought a bill in equity to foreclose a mortgage upon personal property ·and growing crops, given by I. B. Hooks, and procured a writ of attachment. The defendant filed a forthcoming bond for $850.00 with W. R. Hooks and J. W. Richardson as sureties, payable to the Governor of Florida and his successors in office, conditioned that the said I. B. Hooks shall have the property forthcoming at a time and place left in blank. A foreclosure of the mortgage was decreed, and subsequently it was decreed that "it appearing that none of the property is forthcoming to answer such decree and that the sum of $526.85 is due upon the same with interest from October 29th, 1909, it is therefore ordered, adjudged and decreed that the complainant, The Farmers Union Warehouse Company, a corporation, do have and recover from the defendant, I. B. Hooks and W. R. Hooks and J. W. Richardson, sureties, upon the forthcoming bond, the sum of $526.85, principal, interest and costs and attorney's fees, with interest from October 29th, 1909, to be levied of the goods and chattels, lands and tenements of the said defendant and sureties as above named, and that execution in due form of law be issued therefor."

An appeal from this decree was taken, and it is contended that as the statute has not been complied with the decree is erroneous.

The statute provides that property attached "may at any time be restored to the defendants.................upon the defendant................. giving bond to the officer levying such attachment, payable to the plaintiff with two good and sufficient sureties to be approved by such officer, in double the value of the property levied upon, such value to be fixed by the officer, conditioned for the forthcoming of the property restored, and to abide the final order of the court." Sec. 2116 General Statutes of 1906.

It is also provided that if the defendant shall have retaken the property upon a forthcoming bond, judgment shall be entered against the sureties on the bond for the amount of the judgment against the defendant if it be less than the value of the property as fixed by the officer, or for the value of the property so fixed if such value be less than the judgment against the defendant; and that in case of a judgment against defendant after trial, judgment shall be entered against the sureties as above provided, except that the value of the property re-taken by the defendant shall be found by the judge or the jury (as the case may be tried upon the one or the other), and stated in the finding or verdict. Sec. 2128 General Statutes of 1906.

Assuming that a writ of attachment may properly issue as in this case, when the summary right to enter judgment against sureties is invoked under the statutes, the statutory proceedings should be substantially followed; otherwise the right of jury trial may be infringed. In this case the bond was not made payable to the plaintiff, and was not conditioned as required by the statute; and it does not appear that the judge found and stated in his

finding the value of the property re-taken by the defendant as the statute requires.

The decree appealed from is reversed as to the sureties on the forthcoming bond.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.