H. S. POTTER AND B. S. POTTER, *Plaintiffs in Error*, v. REALTY SECURITIES CORPORATION, A CORPORATION, *Defendant in Error*.

### Opinion filed May 30, 1919.

1. When a civil case is tried before an attorney as judge *ad litem*, it is necessary that the agreement under which he acts be entered upon the record of the cause and that it be contained in the transcript brought to this court on writ of error.

2. Where a special count in a declaration fails to set up the entire contract on which it is based, the defendant may plead any material omitted portion.

3. If a declaration contains one or more good counts, a demurrer to the declaration as a whole is properly overruled even

though it may also contain one or more counts subject to demurrer.

4   A letter written by a real estate agent to his principal advising "that pursuant to your listing with us we have sold your property"—describing it—"for $6600.00 on the following terms: $3000.00 cash, balance one and two years 8% interest" makes the terms of the listing a part of the terms of sale as reported, and such letter, with the approval of the principal endorsed thereon, does not purport to show the complete contract, so as to exclude any material term or condition of the listing not mentiontd in the letter.

5.  Judgment should not be entered against one only of two defendants jointly sued, and against whom a joint verdict was rendered.

A Writ of Error to the Circuit Court for Dade County; H. Pierre Branning, Judge.

Judgment reversed.

*G. A. Worley & Son,* for Plaintiffs in Error.

*Clifton D. Benson, S. Grover Morrow* and *Penney & Penney,* for Defendant in Error.

## STATEMENT.

The defendant in error, a corporation, hereinafter called the plaintiff, sued the plaintiffs in error hereinafter called defendants in the Circuit Court of Dade County, to recover a commission alleged to be due it for finding a purchaser for real estate listed with it for sale by defendants. Because of the disqualification of the Judge of the Eleventh Circuit, certain rulings on plead-

ings were made by other Circuit Judges. And after a de-
murrer to an amended declaration had been overruled
and pleas had been filed and demurrer and motion filed
directed to certain of the pleas, the parties agreed "That
M. D. Price, Esq., shall be appointed judge *ad litem* to
hear the demurrer now pending * * * and also to try the
said cause," and the judge of said Circuit made an order
accordingly. No ruling appears to have been made by
Mr. Price upon the demurrer, but he granted the motion
to strike the same pleas against which the demurrer was
directed. Thereafter the cause appears to have been tried
before J. Emmet Wolfe, Esq., as judge *ad litem* and ver-
dict for plaintiffs rendered, motion for new trial over-
ruled and judgment entered against one only of the two
joint defendants.

REAVES, Circuit Judge (*after stating the facts*).—In-
asmuch as the judgment must be reversed for a reason
apparently due to the oversight of both parties, it seems
unnecessary to discuss at length the numerous assign-
ments of error,—twenty-three in number.

The first clause of Section 1344, General Statutes of
1906, reads as follows:

"When from any cause, the Judge of a Circuit or
County Court is disqualified from presiding in any civil
case, the parties may agree upon an attorney at law,
which agreement shall be entered upon the record of said
cause, who shall be judge ad litem and shall preside over
the trial of and make orders in said case as if he were
the judge of the court." The record wholly fails to show
any agreement that Honorable J. Emmet Wolfe should
try the cause as judge *ad litem*. In fact, the only informa-
tion we have as to how he happened to so act is a recital in

the bill of exceptions certified by him, stating that Judge Branning being disqualified, and Mr. Price, who had been appointed judge *ad litem* being absent, "the said parties agreed in open court that said cause should be tried before me as judge *ad litem*." This recital in the bill of exceptions is manifestly not a compliance with the provision of the statute that the "agreement shall be entered upon the record of said cause."

"Generally speaking the authority of a special or substitute judge must appear from the record of the case in which he acts." 23 Cyc. 608. And "The transcript on appeal from the decision of a special judge should contain all facts required to be entered on the record in the court below." 23 Cyc. 611.

This record failing to show affirmatively that the parties agreed upon the Honorable J. Emmet Wolfe as judge *ad litem* the cause must be reversed.

We might rest this opinion here, but since the case must be tried again, we may say that the letter from plaintiff to defendants reading as follows:

"We beg to advise that pursuant to your listing with us we have sold your property described as lots 2, 3, 4, 5 and 6 of Block 39, according to the Rhodes Plat of New Biscayne in Dade County, Florida, for $6600.00 on the following terms:

"$3000 cash, balance one and two years 8% interest.

"This price is subject to the usual commission of 10% payable to us. Please furnish us abstract brought up to date for delivery to the purchaser," upon which the special count in the declaration is based, does not appear to be a complete contract within itself and it can hardly be

said, as the jury was cahrged, that "any previous contract of listing or otherwise is merged in this contract of March 18th" for the reason that this letter reports that a sale had been made "pursuant to your listing." Pursuant means conformable to, agreeable to, or in accordance with. Hence defendants were informed that the property had been sold in accordance with their listing and they endorsed their approval of a sale of that character. The terms of the listing, therefore, became a part of the terms of sale as reported and accepted and plaintiff should have pleaded the entire contract, not the letter and acceptance only, but a demurrer to the amended declaration as a whole was properly overruled inasmuch as it contained the common counts together with the special count. Plaintiff having failed to plead the entire contract, defendants should have been allowed to plead any material part omitted in the declaration. Their second plea sets up such material omitted portion and should not have been stricken.

If the property was listed to be sold and the money paid over by April 1st, or not at all as defendants contend, the letter of March 18th was a representation that a scale of that character had been made. Whether the property was so listed, and if so, whether it was so sold, seems to be the real issue between the parties and the pleadings should be made up and the cause tried accordingly.

It was also error to enter the judgment against but one of two defendants jointly sued and against whom a joint verdict had been rendered.

The cause should be remanded for further proceedings agreeable to this opinion.

PER CURIAM.—The record in this cause having been considered by this court, and the foregoing opinion prepared under Chapter—, Acts of 1919, adopted by the court as its opinion, it is considered, ordered and adjudged by the court that the judgment herein be and the same is hereby reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, JJ., concur.