J. P. HARDEE, B. R. HINSON AND S. P. WOODWARD, *Petitioners*, v. MYAKKA FRUIT FARMS COMPANY, A CORPORATION, *Respondent*.

Opinion Filed November 23, 1922.

Where judgment is rendered against sureties on a forthcoming
  bond in distress proceedings upon a verdict for the plaintiff
  that does not find the value of the property as is required
  by the statute, an execution issued on the judgment does not
  accord with the essential requirements of the law, and where
  in statutory proceedings to test the legality of the execution,
  the court holds the execution to be "legal in whole" and renders judgment against the execution debtor and his sureties, such judgment may be quashed on certiorari.

A Writ of Certiorari to the Circuit Court for Manatee
County.

Judgment quashed.

*Dewey A. Dye*, for Petitioners;

*John B. Singletary*, for Respondent.

WHITFIELD, J.—In a distress for rent proceedings
brought in the County Court by the corporation against
A. G. Knight, property was levied upon, and a forthcoming bond was executed by A. G. Knight as principal and
J. P. Hardee and E. D. Scrogin as sureties, conditioned
that the defendant "A. G. Knight shall have the said property forthcoming" on April 1, 1919.

At the trial a jury was sworn to determine what "rent
or advances is due the plaintiff and the value of the same."
The jury merely found "for the plaintiff." Thereupon

judgment was rendered "that the said Myakka Fruit Company, a corporation, plaintiff, do have and recover of and from the said A. G. Knight, defendant, and J. P. Hardee and E. D. Scrogin, the sureties on the defendant's bond, the property distrained having been restored to the dedefendant, the sum of Three Hundred Four and 80-100ths Dollars, principal and interest, in this behalf recovered together with the further sum of $43.91, for costs in this behalf expended, for which said sums let execution issue in favor of said plaintiff and against the said defendant and his sureties."

An execution was issued on the judgment against A. G. Knight, J. F. Hardee and E. D. Scrogin.

In statutory proceedings to test the legality of the execution, it was held to be "legal in whole," and this adjudication was affirmed on writ of error to the Circuit Court. A Writ of certiorari was issued by this court to review the record.

The statute provides that where there is a trial in distress proceedings and the judgment is against the defendant, "judgment shall be entered against the sureties for the value of the property," and "that the value of the property retaken by the defendant shall be found by the judge or the jury (as the case may be tried before the one or the other), and stated in the finding or verdict." The verdict in this case merely found "for the plaintiff" without finding the value of the property as required by the statute. 62 Fla. 496. The judgment rendered against the sureties on such a verdict for the value of the property as fixed by the officer in levying the distress warrant, was not in accord with the essential requirements of the law and the execution issued against the sureties on such a judgment should have been stayed on the proceedings for

that purpose under the statute. The judgment adjudicating the execution to be valid in whole and rendering judgment against Hardee and B. R. Hinson and S. P. Woodward, his sureties on the bond in the statutory proceeding against the execution was not according to the essential requirements of the law, and it, with the judgment affirming it by the Circuit Court are quashed.

It is so ordered.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.