13733, 13734.   HOLLAND *et al. v.* DOBSON *et al.*; and *vice versa.*

STEPHENS, J.   1.   Such a failure of the plaintiff in garnishment to recover against the defendant in garnishment as will afford a ground for a suit by the latter against the former on the garnishment bond is a failure of the plaintiff to recover on the cause of action as set out in his petition, and not a failure to successfully defend against a set-off or counterclaim made by the defendant in garnishment.   Where the suit instituted by the plaintiff in garnishment was to recover of the defendant upon an alleged breach by the latter of a contract of sale of real estate to the plaintiff, upon which the plaintiff sought to recover what he had paid to the defendant on the purchase-money, upon the ground of fraud, and where the defendant, denying the plaintiff's right to recover, sought to recover from the plaintiff a certain unpaid balance on the purchase-money, a general verdict for the defendant, although it failed to find for the defendant on his counterclaim against the plaintiff, necessarily found against the plaintiff's right to recover upon his own case set out in the petition.

2.   In a suit by the defendant in garnishment against the plaintiff in garnishment, to recover upon the garnishment bond for damages sustained as a result of the institution of the garnishment, the defendant in garnishment may recover the damages sustained by him as a result of being deprived of the use of funds belonging to him impounded by the processs of garnishment.

3.   This being a suit wherein the defendant in garnishment seeks to recover from the plaintiff in garnishment upon the garnishment bond damages alleged to have been sustained as a result of the suing out of the process of garnishment and the impounding of certain funds belonging to the defendant in garnishment, it appears, from an application of the above rulings, that the verdict rendered for the present plaintiff, who was the defendant in garnishment, against the present defendant, who was the plaintiff in garnishment, was authorized by the evidence, and that the court did not err in his instructions to the jury as complained of.

*Judgment affirmed on the main bill of exceptions; cross-bill of exceptions dismissed.   Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 9, 1923.

Action on garnishment bond; from city court of Polk county — Judge Tison. May 31, 1922.

*W. K. Fielder,* for Holland *et al.*