PETER FOTINOS and STELLA PAIZOS, operating under the trade name of DAYTONA CANDY KITCHEN, *Plaintiff in Error*, v. THE ROMACK COMPANY, INC., a corporation organized and existing under the laws of the State of Florida, M. ROTH and NELLIE M. KIMLER, *Defendants in Error*.

Division A.
Opinion filed May 7, 1931.
Petition for rehearing denied May 23, 1931.

*John S. Byington,* Attorney for the Plaintiffs in Error; *Sholtz, Green & West,* Attorneys for the Defendants in Error.

BROWN, J.—This case is before us on writ of error from an order and judgment of the court below sustaining a demurrer to the declaration as a whole and dismissing the cause.

The declaration sought the recovery of damages for the breach of a bond given by the Romack Company Inc., in

a distress proceedings, wherein the Romack Company had sued out a distress warrant against the plaintiffs in error, for $2000.00, and had given bond as required by the statute for $4000.00. The declaration contained four counts, and while it was somewhat inartificially drawn, and perhaps subject to motion for compulsory amendment in certain respects, it did not wholly fail to state a cause of action. It appears from the second count, for instance, that the amount of rent actually due, and for which judgment was rendered in the distress proceedings, was only $110.00, which amount had been tendered by the defendants in such proceedings to the plaintiff therein before such distress warrant was sued out, which tender was refused, and that by means of a false affidavit said Romack Company had sued out a distress warrant in the grossly excessive amount of $2000.00 and had it levied upon the furniture and equipment in the distress defendant's Candy Kitchen and restaurant, of the value of $15,-000.00; that this personal property of the distress defendants was then stored in a filthy warehouse and wrecked and ruined, and their candy and restaurant business was lost and destroyed.

If these allegations were true, they would doubtless show that the plaintiff in the distress proceeding was guilty of a malicious abuse of process, for which an action might have been maintained against the plaintiff in the distress proceeding, without regard to the bond. But do not these allegations show also a cause of action on the bond given by the Romack Company, Inc., and its sureties?

The question is whether the distress warrant was "improperly sued out" within the meaning of Section 5424 Comp. Gen. Laws, which provides that upon the filing of an affidavit required by the preceding section and before

warrant shall issue, the plaintiff, his agent or attorney, shall file a bond with two good and sufficient sureties payable to the defendant in at least double the debt or sum demanded, and conditioned to pay all costs and damages which the defendant may sustain ''in consequence of the plaintiffs improperly suing out said attachment, or the action dismissed or result in judgment for defendant.''

It is contended by defendant in error that inasmuch as the judgment of the court in the distress proceedings was in favor of the plaintiffs and found that rent to the amount of $110.00 was due to the plaintiffs, it follows that the distress warrant was not improperly sued out. And very respectable authority is cited in the very able brief filed in behalf of the defendants in error in support of the doctrine that no suit lies upon the bond merely because the distress was taken for a larger sum than was due at the time which is the generally accepted rule; that the remedy of the defendant in the distress proceeding was to replevy the goods or to sue for malicious abuse of process or for an excessive levy. We think, however, that the words ''improperly sued out'' as used in our statute, and in the bond sued on in this case, should not be given such a narrow meaning as could deny relief under the exceptional and unusual facts alleged in this case. The purpose of requiring such a bond is to afford reasonable protection to the tenant against the improper use of the drastic remedy of a distress warrant. It is true the defendant can replevy the property if he gives a bond in double the value of the property levied on, for the forthcoming of the property to abide the final order of the court; or upon giving bond conditioned for the payment of the amount to the plaintiff of the rent which may be adjudicated to be payable to him. But this provision

of the law was not intended to take away the protection afforded by the plaintiff's bond required by Section 5424 Comp. Gen. Laws. The defendant in the distress proceedings might not be able to make replevy bond. Thus it appears in this case that the distress was sued out for rent in the sum of $2000.00, although the amount actually due was only $110.00, and that this sum had been tendered to plaintiff before the distress warrant was sued out, but he refused to accept it. The defendant in the distress proceeding would have had to make a bond for $4000.00 in order to replevy the property. They did not make the bond. The reason for such failure is not alleged, but it may be that they were not able to make a bond of that amount and hence were not able to replevy the property. The result was that the equipment of their restaurant, of the alleged value of $15,000.00, was taken away and stored in such fashion that it was lost to them, and their business destroyed.

It seems that under the facts alleged in this case, the distress warrant was "improperly sued out" in that it was for a grossly excessive amount and the plaintiff in the distress proceeding had refused a tender of the $110.00 actually due before the distress was sued out. It may well be that a plaintiff in a distress proceeding should not be held liable on the bond merely because he makes an honest mistake in the amount of the rent and the judgment is for something less than the amount claimed. But where the distress warrant was sued out upon a false affidavit claiming a grossly excessive amount, as in this case nearly twenty times the amount actually due, and the small sum really due had been tendered and refused, surely the distress warrant was "improperly sued out" and the plaintiff in the proceedings and his sureties on the bond

incurred liability to the defendant for all costs and damages which the defendants sustained in consequence thereof, and the defendants in the distress proceedings should in such a case have their action on the bond and not be relegated to a suit for damages for an excessive distress levy or for malicious abuse of process. See in this connection, while not strictly in point, Steen vs. Ross, 22 Fla. 480; See also McKee v. Sims, 92 Texas 551, 45 S. W. 564.

In Steen v. Ross, supra, it was held that:

"An attachment is 'improperly' sued out within the meaning of the statute when the plaintiff has no meritorious cause of action of that class in which the statute authorizes this remedy, or having such a cause of action the ground alleged in the affidavit for its issue is untrue, or not one of the grounds enumerated which must exist before it can be obtained."

If a declaration contains one of more good counts, a demurrer to the declaration as a whole should be overruled. Potter vs. Realty Security Corp., 77 Fla. 768, 82 So. 298.

One of the dictionary meanings of the word "improper" is, "not accordant with fact, truth or right procedure." See Webster's New International Dictionary.

The Judgment of the court below therefore should be reversed and the cause remanded.

BUFORD, C.J., AND ELLIS, J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.