BEALE, INC., *et al.,* v. E. G. HAWLEY

156 So. 529.
Division B.
Opinion Filed September 10, 1934.
Petition for rehearing denied October 3, 1934.

*Wilson & Boswell, Ernest C. Wimberly* and *H. G. Stephens,* for Plaintiff in Error;

*Harry E. King,* for Defendant in Error.

BROWN, J.—This case is before us to review a judgment entered in a summary proceedings instituted by affidavit for a distress warrant under Sections 5423, *et seq.,* Comp. Gen. Laws of 1927.

One of the questions contained in the statement of questions involved in this case is as follows:

"Is a judgment which is entered against the principal and the sureties on a forthcoming bond in distress proceedings, upon a default judgment for the plaintiff, valid, when the court does not find nor state the value of the property, as is required by the statute? This judgment, so entered, was held valid and the lower court refused to grant a motion to set aside the judgment."

It is true that the record in this case does not contain a copy of the bond, which is referred to both in the judgment of the court below and in the briefs in this case. A certified copy of the bond, duly certified by the clerk of the Circuit Court, was attached to a supplemental brief on behalf of plaintiff in error, which shows that it was a forthcoming bond. But we cannot consider this certified copy of the bond, in deciding this case, as it was not embraced in the transcript of the record certified to this Court, nor were any proceedings taken to have it made or considered as a part of such transcript.

However, I do not deem this oversight to be fatal to the contention of the plaintiff in error in this case, because the judgment entered by the Circuit Judge recited that the bond in question was a "forthcoming bond," and this recital must be deemed true and correct; at least where, as here, it is not clearly shown by other portions of the record to have been incorrect. 34 C. J. 503. See also Kroier v. Kroier, 95 Fla. 865, 116 So. 753.

The final judgment omitting the caption, reads as follows:

"This cause coming on to be heard upon application of plaintiff for final judgment and it appearing to the Court that a default was regularly and duly entered against the defendant, Beale, Incorporated, on the 21st day of July, A. D. 1932, and it appearing to the Court, upon affidavit

filed herein in support of plaintiff's claim, that the defendant is in arrears of rent in the sum of $579.50, which is just, due and unpaid; and it being further made to appear to the Court that the property levied on for rent was retaken by the defendant upon filing a forthcoming bond in double the amount of plaintiff's claim;

"IT IS THEREFORE ORDERED AND ADJUDGED that the plaintiff, E. C. Hawley, do have and recover of and from the defendant, Beale, Incorporated, and of and from the sureties on said forthcoming bond, S. P. Beale, R. H. Hamilton and J. M. Stebbins the sum of $579.50, together with the further sum of $7.65 costs of court to be taxed by the Clerk, for all of which let execution issue.

"DONE AND ORDERED in Chambers at Bartow, Polk County, Florida, this 22nd day of July, A. D. 1932."

On July 30, 1932, the defendant and his sureties filed a motion to vacate both the default and final judgment, upon several grounds, one of them being that the judgment was entered against the bondsmen "on the forthcoming bond filed in the above styled cause without first giving said bondsmen the right to produce the property levied upon in this distress proceedings."

This motion was denied and the defendant and its three sureties sued out this writ of error.

The distress warrant was executed by the sheriff of Polk County, but his return did not set forth the value of the property levied upon, nor is it otherwise shown that the levying officer ascertained or set any value upon such property.

Under Section 5425, C. G. L., the property distrained may be restored to the defendant upon his giving a forthcoming bond in double the value of the property levied on conditioned upon the forthcoming of the property to abide the final order of the court; or upon his giving a bond con-

ditioned for the payment to the plaintiff of the amount or value of the rent which may be adjudicated to be payable to such plaintiff. The final judgment shows that the bond given in this case was a forthcoming bond. Section 5425 further provides that "Judgment be entered against the sureties on such bonds in the manner and with like effect as provided in Section 5282."

This section reads as follows:

"5282 (3429) *Judgment against Principal and Sureties.*— If judgment by default be entered in favor of the plaintiff, and the defendant shall have retaken the property upon a forthcoming bond, final judgment by default shall be entered at the same time against the defendant and the sureties on the bond for the amount of the judgment against the defendant if it be less than the value of the property as fixed by the officer, or for the value of the property so fixed if such value be less than the judgment against the defendant. If the defendant shall have retaken the property upon a bond to pay the debt, such judgment shall also be entered against the sureties for the amount of the judgment against the defendant. In case of a judgment against defendant after trial, judgment shall be entered against the sureties as above provided, except that the value of the property retaken by defendant shall be found by the judge or the jury (as the case may be tried before the one or the other, and stated in the finding or verdict."

It will be noted that Section 5282 preserves the distinction between a forthcoming bond and a bond to pay the debt, as to a judgment against the defendant and his sureties on a forthcoming bond, where default judgment has already been entered against the plaintiff, the statute requires that the final judgment shall be for the "amount of the judgment against the defendant if it be less than the value of the property as fixed by the officer, or for the value of the property

so fixed if such value be less than the judgment against the defendant." The value of the property, not having been fixed by the levying officer, and the final judgment being based, by its terms, upon a forthcoming bond, not a bond to pay the debt, there was no proper basis for the Court's final judgment, as the court could not tell whether the amount of the judgment rendered against the defendant and his sureties was in excess of the value of the property levied on, "as fixed by the officer," or not. The plaintiff evidently tried to cure this omission to have the officer fix the value of the property by stating in his own affidavit filed in court the day the final judgment was rendered that "the value of the property retaken by the defendant by giving a forthcoming bond is in excess of $600.00," but this could not avail to supply an omission of a matter made vital by the language of the statute as a basis for the final judgment against the defendant and his sureties. This court has long held to a strict construction of the statutes involved in this case, as against the landlord and in favor of the tenant and his sureties. The issuance of a distress warrant for rent is a summary statutory proceeding, and though it be pursued in the circuit court, a court of general jurisdiction, the statutory requirements must be substantially complied with. See Hooks v. Farmers Union Warehouse Co., 62 Fla. 496, 56 So. 501; Hardee v. Myakka Fruit Farms Co., 84 Fla. 628, 94 So. 504; East Coast Stores v. Cuthbert, 101 Fla. 25, 133 So. 863; Fotinos v. Romack Co., Inc., 101 Fla. 497, 134 So. 506.

The case of Hooks v. Farmers Union Warehouse Co., *supra,* involved a construction of Section 5282, as applied to a forthcoming bond made in an attachment in aid of a foreclosure proceeding and the head notes read as follows:

"1. Where the right given by statute to have judgment entered against sureties upon a forthcoming bond is in-

voked, the statutory proceedings upon which the right is given must have been substantially followed.

"2. Where a forthcoming bond is not payable or conditioned as required by the statute, and the statutory requirement that the value of the property retaken has not been found, when it is required to be by the statute, a judgment entered against the sureties merely upon the bond will be reversed."

And in Hardee v. Myakka Fruit Farms Co., *supra,* which involved a construction of the last sentence of Section 5282, pertaining to a judgment rendered against the defendant and his sureties after trial, it was held that where such a judgment was rendered in a distress proceeding, based upon a verdict for the plaintiff that did not find the value of the property as required by the statute, an execution issued on such judgment did not accord with the essential requirements of the law, and that such a judgment against the defendant and his sureties could be quashed on certiorari. It will be noticed that the first sentence of Section 5282 applied to final judgment based on judgment by default, in which case the value of the property as fixed by the levying officer is the maximum amount, which cannot be exceeded by the judgment regardless of the amount of the debt, where the judgment is rendered on a *forthcoming bond*. The second sentence of Section 5282 deals with a judgment where the defendant has retaken the property upon a bond *to pay the debt*. The last sentence of said section deals with a judgment *after trial* and in such case judgment may be rendered against the sureties as provided in the first sentence of that section except that the value of the property retaken by the defendant shall be found by the judge or the jury, as the case may be tried before the one or the other, and stated in the finding or verdict. In

either of the cases provided for by this section, the statute must be substantially followed.

However, it appears that in this case there was no finding or fixing of the value of the property retaken by the defendant, either by the levying officer, which in this case was the exclusive method, or by the judge or the clerk, or any one else on behalf of the court.

We conclude, for reasons above stated, that the lower court was in error when it denied the motion of the defendant corporation and its sureties to set aside the final judgment entered in this case.

It was also contended in this case that the motion to set aside the judgment should have been granted for an additional reason; that is, that the judge, instead of the clerk, ascertained the amount due to the plaintiff for rent, and entered the judgment by default, whereas under Section 5426, C. G. L., only the clerk can enter such a default judgment; that the judge can only enter it where the court has no clerk. We cannot agree to this contention. The evident purpose of this statute was to authorize the clerk to enter default judgments in cases of this kind, but not to take away from the judge of the court the inherent power to enter the judgment himself if he sees fit; and undoubtedly the judge has the power to set aside any default judgment rendered by the clerk for good cause shown. Usually the court speaks only through the presiding judge. It is only in such exceptional cases as may be provided by statute that the clerk is authorized to speak for the court in the entry of certain limited classes of judgments; and even then, doubtless the statute presupposed that the clerk is acting under the supervision of, or subject to the correction of, the judge of the court.

The judgment of the court below in this case must

be reversed and remanded for the reasons hereinabove pointed out.

Reversed and remanded.

WHITFIELD, P. J., and BUFORD, J., concur.

DAVIS, C. J., and TERRELL, J., concur in the opinion and judgment.

ELLIS, J., concurs specially.

ELLIS, J. (concurring specially).—Because the trial judge entered judgment against the sureties on the bond without ascertaining the value of the property retaken by the defendant, it may not be assumed in this case that the bond was one for the payment of the debt and not a forthcoming bond. The assumption is not justified even when supported by the presumption in favor of the correctness of the judg-ment, because the judgment itself destroys both the presumption and the assumption in that it recites that the bond was a forthcoming bond. Wherever the record refers to the bond it refers to it as a forthcoming bond. There was no necessity to incorporate in the transcript of the record a copy of the forthcoming bond when the parties agree that it was that character of bond and the court declares in its judgment that it was of such character, which is a finding of fact.

That being true, it was error to enter a judgment against the sureties before ascertaining the value of the property taken on the forthcoming bond. The statute, Sec. 5282, C. G. L. 1927, makes a distinction between a "bond to pay the debt" and a "forthcoming bond." So the terms are technical, and when used by a Judge in his judgment as effectively describe the character of bond before him as if it were set out in the record or copied in his judgment.

The judgment should be reversed.

DAVIS, C. J., and BROWN, J., concur.