### AMERICAN SURETY CO. OF NEW YORK v. FLORIDA NAT. BANK & TRUST CO.
### No. 8612.

Circuit Court of Appeals, Fifth Circuit.
Jan. 27, 1938.

HUTCHESON, Circuit Judge.

The suit was against the surety on a garnishment bond executed in the suit of Isabella Hallman v. Alice Rich for damages for breach of its condition: "now therefore, if the said Isabella Hallman, a widow, shall well and truly pay all costs and damages the defendant may sustain in consequence of complainant improperly suing out said writ of garnishment, then this bond to be null and void, else to remain in full force and virtue."

The claim was that the writ caught $3,896.74 which Rich had on deposit with the garnisheed bank; that shortly after the garnishment the bank failed, causing defendant to lose her deposit; that the garnishment was improperly sued out, in that Hallman, the plaintiff, did not secure a final judgment in her suit, but it was dismissed for want of prosecution, and that the surety was liable on the bond for the amount of the deposit with interest.

The only allegations contained in the amended declaration with regard to the improper suing out of the garnishment were, in count 1: "That the said writ of garnishment was improperly sued out and the suit so instituted by the said Isabella Hallman as hereinbefore set forth was dismissed on or about towit, the 19th day of February, 1935, and that the plaintiff, Isabella Hallman in said suit in said Civil Court of Record hereinabove set forth did not secure a final judgment in said suit, and that said suit was dismissed as hereinabove set forth for want of prosecution."

In count 2: "That the said writ of garnishment was improperly sued out and the said cause so instituted by the said Isabella Hallman in the Civil Court of Record in Cause No. 10,516 was dismissed for want of prosecution, and the plaintiff herein, Isabella Hallman, never secured a final judgment in said cause."

The defendant moved to strike these allegations as insufficient, and, subject to these motions, demurred to the first and second counts of the declaration as a whole as alleging no facts sustaining the conclusion stated in them, that the garnishment was improperly sued out.

These motions and demurrers overruled, and the cause going to trial, there was a directed verdict and judgment for plaintiff for the principal and interest sued for.

Appellant, assigning error to rulings, on the pleadings, on the admission of evidence, and on the denial of its motion for a directed verdict, makes two principal points against the judgment: (1) That it is supported neither by pleading nor proof that the garnishment was improperly sued out; (2) that in any event, plaintiff should not recover the judgment that it did recover, because it was its duty, as defendant in garnishment, to minimize the damages by procuring release of the garnisheed funds.

As to the first ground, appellant insists that, generally, and particularly in Florida, to maintain an action on a garnishment or attachment bond conditioned as this one was, it is not sufficient to allege as a breach of the condition, although in the express words of the bond, that "it was improperly issued; and that appellee, plaintiff below, alleged no more than this." Quoting from Steen v. Ross, 22 Fla. 480, appellant declares: "The breach should state with distinctness in what its impropriety consisted. It is only improperly issued when the plaintiff has no meritorious cause of action, of that class of actions in which the law authorizes a resort to the remedy against the defendant, or having such a cause of action the ground alleged in the affidavit for its issue is untrue, or not one of the grounds enumerated which must exist before it can be obtained."

Considering plaintiff's case from the standpoint of its proofs, it points out that plaintiff proved nothing except that the suit out of which the garnishment was issued was, many years after its filing, dismissed for want of prosecution. It points out too, that not only did plaintiff not show by a judgment so determining, or by any other evidence that the garnishment was improperly issued, but the record it introduced, of the cause out of which the garnishment was issued, showed (1) an order denying the defendant Rich's motion to dissolve the garnishment, and (2) a motion and petition of the garnishee to release the garnishment and discharge the bond, "because the bank had closed its doors, and in the opinion of the plaintiff, there would be no funds for distribution under the writ of garnishment." This record, it insists, does not sustain, it rebuts plaintiff's claim, that the garnishment was improperly sued out, and that, because it had been, the cause was abandoned and suffered to be dismissed, for want of prosecution.

As to the second ground, "that in any event, plaintiff should not recover the judgment that it did, because it was the duty of defendant in garnishment to minimize the damages by releasing the garnisheed funds," appellant invokes the principle advanced in Moses & Sons v. Lockwood, 54 App.D.C. 115, 295 F. 936, and discussed with a wealth of citations in a note to that case in 33 A.L.R. 1467, that "where a person's right of property is invaded, it is his duty to do all reasonably within his power to reduce the damages. Damages which might be avoided by doing what an ordinarily prudent man would do are not the direct or natural consequences of the defendant's wrong." Cf. 5 American Jurisprudence, §§ 902 and 1008.

We think appellant's first point is well taken. We do not think its second point is. We think it clear that in bringing and pressing its suit appellee did so under a misapprehension as to what the burden was in a suit on a bond conditioned as this one was, and upon whom it lay. Appellee seems to have assumed that from the dismissal of the main suit a presumption arose that the garnishment was improperly sued out, and that pleading and proof of that dismissal made out a prima facie case upon the bond.

Unless the prosecution of the cause with effect is one of the conditions of the bond, or the statutes and decisions of the state of suit have made "the failure to prosecute the attachment with effect the equivalent of a wrongful suing out" 5 American Jurisprudence, § 993; cf. National Surety Co. v. Jean, 6 Cir., 36 F.2d 468, 68 A.L.R. 1326 and note, 85 A.L.R. 658, where cases on both sides of the question are gathered, the rule

with regard to such suits is quite the contrary of appellee's assumption.

Shinn on Attachment and Garnishment, vol. 1, § 187, "The Pleading in an Action on the Bond" thus sets it down as to pleading: "No recovery can be had in an action on the bond except for cause stated in the declaration or complaint, and it must aver in what the impropriety consists within the meaning of the statute. It is not sufficient merely to state in the declaration that the attachment was improperly issued. It should state the dissolution, the grounds of its dissolution, and show such a failure to comply with the conditions of the bond as will give a right to sue thereon," while in section 188, "Proof in Action on Bond" the rule is stated thus, with many cases cited in support: "The burden of proof is also upon the plaintiff in an action on the bond to prove that the attachment was wrongfully issued, that is, that reasonable grounds for it did not exist, because the presumption is that it was rightfully sued out."

7 Corpus Juris Secundum, Attachment, § 549, declares: "The presumptions are in favor of the rightfulness and regularity of the attachment. In an action for wrongful attachment the presumption is that the writ was properly and lawfully issued, and was sufficient to justify a levy on the property of defendant named therein. The mere fact that the attachment writ was quashed or that the attachment suit was abandoned or dismissed, affords no basis for a presumption that the attachment was wrongful." Hall v. Carroll, Tex.Civ.App., 67 S.W.2d 1068. "The attachment defendant has the burden of proving that the attachment was wrongful." Richburg v. McIlwaine, etc., Co., Tex.Civ.App., 131 S.W. 1166; 6 C.J. 523.

Texas Jurisprudence, vol. 5, p. 309, states: "The mere fact that a writ was quashed or that an attachment suit was abandoned does not give rise to a presumption that the attachment was wrongful." Rowe v. Crutchfield, Tex.Civ.App., 168 S. W. 444; Frank v. Tatum, Tex.Civ.App., 26 S.W. 900, and "As a general rule, in an action for wrongful attachment, the burden of proving that the writ was wrongfully issued and levied is upon the defendant in attachment," citing many cases, "and, until such proof is made, evidence as to the damage that has been sustained may not properly be admitted. In proving this fact, it is insufficient to show merely that the writ of attachment was quashed, or that the attachment suit was dismissed."

The cases appellee relies on, Frick Co. v. Deiter, 168 S.C. 289, 167 S.E. 499; Miller v. Smith, 8 Cir., 1 F.2d 292; Straus v. Guilhou, '80 App.Div. 50, 80 N.Y.S. 180, to which may be added Steinhardt v. Leman, 41 La.Ann. 835, 6 So. 665, Cox v. Robinson, 2 Rob., La., 313, and some others were decided under the rule stated in American Jurisprudence, supra, that under most statutes a wrongful suing out of the writ, such as will sustain an action on the bond, is no more than a failure to prosecute the attachment with effect.

Appellee calls our attention to no statute of Florida, and to no decision of its courts, making the mere discontinuance of an action the ground for suit on an attachment or garnishment bond. On the contrary, it is authoritatively decided in that state, Steen v. Ross, supra, that an action on such a bond must specifically allege and prove wherein the suing out of the writ was wrongful.

In view of another trial, we think we should say that in our opinion the authorities appellant cites in support of its claim that the damages sued for are not recoverable, because of the failure of the defendant in garnishment to secure a release of the garnisheed funds by giving bond, have, in our opinion, no just application here. They apply to situations where special damages are claimed, not to one such as this is, where the damages are the natural and probable result of the garnishment. We think that, if on another trial appellee sustains its burden of proving that the garnishment was improperly issued, it will be entitled to recover, as damages flowing from its issuance, the loss of its moneys, with interest, less, of course, any dividends it may have received. Holland v. Dobson, 29 Ga. App. 506, 116 S.E. 38; Vannatta v. Vannatta, Ky., 55 S.W. 685; James v. Cannell, 135 Wash. 80, 237 P. 8; Taylor v. Wilbur, 170 Wash. 265, 16 P.2d 457.

The judgment is reversed, and the cause is remanded for further and not inconsistent proceedings.

Reversed and remanded.