424 So.2d 41 (1982)
APGAR & MARKHAM CONSTRUCTION OF FLORIDA, INC., a Florida Corporation, Appellant,
v.
MACASPHALT, INC., and Gary's Glass and Mirror, Inc., Appellees.
Nos. 82-361, 82-362.
District Court of Appeal of Florida, Second District.
December 1, 1982.
Rehearing Denied January 4, 1983.
Karl L. Johnson of Nuckolls, Johnson & Fernandez, Fort Myers, James E. Glass and *42 R. Hugh Lumpkin of Rosenberg, Reisman & Glass, Miami, for appellant.
Robert F. Henshaw, Jr., Law Offices of Robert F. Henshaw, Jr., Sarasota, for appellee Macasphalt, Inc.
John S. Vento of Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, P.A., Tampa, for appellee Gary's Glass and Mirror, Inc.
GRIMES, Acting Chief Judge.
While we affirm the judgments in their entirety, there is a technical problem with respect to the award of attorney's fees pursuant to section 57.105, Florida Statutes (1981). In entering the award, the court did not make a finding that there was a complete absence of a justiciable issue raised by the losing party. Were we at liberty to reach our own conclusion, we would find the order entered in this case sufficient because it recites the award as being made pursuant to the statute. However, in the recent case of Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla. 1982), in referring to section 57.105 the supreme court said:
The statute provides that a party is entitled to an award of attorney's fees only when the court determines that there was a complete absence of a justiciable issue raised by the losing party. Without such a finding, an order assessing attorney's fees is technically deficient and must be reversed. Allen v. Estate of Dutton, 394 So.2d 132, 135 (Fla. 5th DCA 1980); City of Miami Beach v. Town of Bay Harbor Islands, 380 So.2d 1112, 1113 (Fla. 3d DCA 1980); but see Autorico, Inc. v. Government Employees Insurance Co., 398 So.2d 485, 488 (Fla. 3d DCA 1981).
410 So.2d at 506.
Admittedly, the foregoing quotation was dictum because the court held in Whitten, as the substantive basis for reversal, that the losing party's claims were not frivolous or devoid of arguable substance. Nevertheless, the court's use of the word "technically" and its reference to the Autorico case makes it clear that an explicit finding must be made before an order awarding attorney's fees under the statute will be upheld. In Autorico, Judge Hubbart, writing for the Third District Court of Appeal, had distinguished his prior opinion in City of Miami Beach v. Town of Bay Harbor Islands by holding that the finding of a complete absence of a justiciable issue of either law or fact is implicit in an order which grants a motion for attorney's fees based entirely upon section 57.105. According to the "blue book," A Uniform System of Citation (13th ed. 1981), the signal "But see" denotes that the "cited authority directly contradicts the proposition." Obviously, the supreme court in Whitten has rejected Autorico as an acceptable refinement of the stated proposition that an explicit finding is required.
Accordingly, we reverse the award of attorney's fees and remand to the trial court with directions to make an appropriate finding based on the record as to whether there was any justiciable issue of either law or fact stated by appellant in this case. Should the court expressly find that no such issue existed, it may reassess the same attorney's fees without the need of taking further evidence. In all other respects, the judgments are affirmed.
CAMPBELL, J., concurs.
SCHOONOVER, J., concurs in part and dissents in part, with opinion.
SCHOONOVER, Judge, concurring in part, dissenting in part.
While I agree that the judgments entered by the trial court should be affirmed, I do not agree that the trial court's order awarding attorney's fees pursuant to section 57.105, Florida Statutes (1981), was technically deficient. Therefore, I would affirm the trial court in all respects.
The supreme court in Whitten held that an order assessing attorney's fees is technically deficient if the court does not make a finding that there was a complete absence of a justiciable issue of either law or fact raised by the losing party.
*43 I agree that the court in Whitten rejected the holding of the Third District Court of Appeal in Autorico that an order granting attorney's fees entered in response to a motion based entirely on the statute implicitly made such a finding.
However, the order entered in the case sub judice is clearly distinguishable from that entered in Autorico, and accordingly, it is not technically deficient.
In Autorico, the court granted (e.g., motion granted) a motion that was based entirely upon the statute. In the case sub judice, the court not only granted similar motions but its order specifically referred to the statute and granted attorney's fees pursuant thereto.[1] "Pursuant" means conformable to, agreeable to, or in accordance with. Potter v. Realty Securities Corp., 77 Fla. 768, 82 So. 298 (1919). By referring to the statute and granting fees pursuant thereto, the statute became, in effect, a part of the order. See generally Potter v. Realty Securities Corp. I accordingly would hold that the court properly made the finding required by Whitten.
I would affirm the trial court in all respects.
NOTES
[1] "[T]he Court, after having examined the pleadings, Affidavits and being otherwise duly advised in the premises, finds that pursuant to Chapter 57.105, Florida Statutes (1981), that attorney fees should be awarded to the Defendants... ."