THE REALTY COMPANY, *Appellant*, v. FRALEIGH-SMITH INVESTMENT COMPANY, *Appellee.*

En Banc.

Opinion Filed December 4, 1925.

1. The Supreme Court takes judicial notice of the personnel of the judgeships of the Circuit Courts and the counties included in the judicial circuits and the county sites of the counties.

2. When the circuit judge of one circuit is by executive order holding court in a circuit other than that in which he resides the executive order should be entered of record in the county in which he is holding court and if he makes an order or decree in a cause pending in another county of the circuit in which he is holding court such executive order should be entered of record in such county and should appear in the transcript of the record where an appeal is taken from his decree.

An Appeal from the Circuit Court for Madison County; Daniel A. Simmons, Judge.

Order reversed.

*W. M. Bostwick, Jr.,* for Appellant;

*R. H. Rowe,* for Appellee.

ELLIS, J.—This is a suit to enforce a mortgage lien in favor of the Fraleigh-Smith Investment Company which exhibited its bill in the Circuit Court for Madison County against the mortgagor, the Realty Company, for that purpose. There was a demurrer to the bill. Later an amended bill was filed and a demurrer interposed to that. The demurrer was overruled and an appeal was taken from that order.

The order was signed by Honorable Daniel A. Simmons at Jasper, Florida, July 30, 1924, in open court.

This Court takes judicial notice that Honorable Mallory F. Horne was Judge of the Third Judicial Circuit of Florida on that date and that such Circuit included the counties of Madison and Hamilton in which latter county the city of Jasper is located. The Court also takes judicial notice that Honorable Daniel A. Simmons was Judge of the Circuit Court of Duval County on that date.

There is nothing in the record to show that by executive order the Honorable Daniel A. Simmons was acting as Judge of the Third Judicial Circuit for Madison or Hamilton County on the date the order was signed, nor that Honorable Mallory F. Horne because of illness, absence from the Circuit, or other cause was unable to act. See Article V, Section 8, Constitution; Sections 2681-3057-3061, Revised General Statutes; Keen v. Polk, 72 Fla. 106, 72 South. Rep. 788; Sewell v. Huffstetler, 83 Fla. 629, 93 South. Rep. 162.

The demurrer was filed July 3, 1924; the order overruling it was made July 30, 1924.

If Judge Simmons was holding court in the Third Circuit at Jasper upon an executive order the same should

have been entered of record in Madison County where this cause was pending, and should have been made to appear by the record in this case.

The record contains a statement that no such executive assignment or order is on record in the office of the Clerk of the Circuit Court for Madison County. If there was such an executive order on record in Hamilton County we cannot presume that Judge Horne was unable to act in Madison County where the cause was pending, or that the parties by consent agreed to submit the demurrer to Judge Simmons at Jasper in Hamilton County on account of such inability of Judge Horne to act.

Other assignments of error are considered to be without merit. The matter of the amount actually due upon the promissory note, regardless of the amount alleged to be due in the bill, will be determined by the evidence submitted before the special master or examiner, to take testimony. The bill with the exhibits, which are by appropriate language made part of it, is sufficiently definite as to the place at which the note was payable.

For the reason assigned the order overruling the demurrer is void and the cause is hereby remanded for appropriate proceedings.

WHITFIELD, TERRELL, STRUM AND BROWN, J. J., concur.