A. P. FORCUM, Receiver for Union Bond & Mortgage Company, *Appellant*, v. F. W. SYMMES, JOSEPH WEINTRAUB, FRANK CLARK, JR., ROSS WILLIAMS, WALTER L. HARRIS, GEORGE H. CLOSE, B. B. DEAL, GEORGE A. WALDECK, E. G. SEWELL and E. M. SYMMES, *Appellees*.

En Banc.

Opinion filed March 24, 1931.

*D. H. Morgan* and *Ira C. Haycock,* attorneys for the Appellant;

*Frank E. Lowman, Johnson & Nall, Morecock & Weintraub* and *Frank Clark, Jr.,* Attorneys for the Appellees.

BROWN, J.—The complainant in the suit below was suing in his capacity *as receiver.* From an adverse ruling on demurrer to the second amended bill, an appeal was attempted to be taken by the complainant in what appellees claim was his *individual* capacity, and appellees suggest that this court is without jurisdiction and should dismiss the cause *sua sponte.*

The transcript shows that entry of notice of appeal was by "A. P. Forcum, Receiver for Union Bond & Mortgage Company, a Florida Corporation," the word "as" before the word "receiver" being omitted in both the

caption and body of such notice; and the same omission was made in the assignment of error.

The motion of appellant to amend in an effort to cure this omission was made after the time allowed by law for taking an appeal had expired. And the motion to amend thus filed in this court appears to relate, not to the original *entry of appeal* but to the caption of the transcript of the record in this cause and "subsequent pleadings." A notice of entry of appeal is not a pleading. Furthermore, it is not claimed that the transcript does not correctly copy the proceedings below, including the entry of notice of appeal. If such a motion is maintainable at all after the six months within which an appeal could be taken has expired, it should have first asked permission to amend the original notice of appeal and the entry of such notice on the chancery order book, and then the correction of the transcript to conform to the records in the court below as thus amended. So the motion to amend is defective, and must be denied. And it probably comes too late. West v. Johnson, 66 Fla. 462 So. 913.

Now, the transcript shows that the original and two amended bills were properly captioned—showing that the suit was by Forcum in his capacity *as receiver*, in conformity with the allegations of the bills. But the word "as" being omitted from the entry of appeal, it is contended by appellees that the appeal was by Forcum as an individual, the words "receiver for Union Bond & Mortgage Company" being *descriptio personae;* that Forcum as receiver and Forcum as an individual are different parties in law; that this is the effect of several of our previous decisions. It is further insisted that the real complainant in the court below has never appealed,

and the motion to amend, even if properly drawn, not having been filed within six months from the date of the entry of the order attempted to be reviewed, comes too late; that the statute requires that appeals from both interlocutory orders and final decrees must be within six months from the entry of the order or decree appealed from. See 4960 C. G. L.

It may be that an appeal, which identifies the order or decree appealed from, taken by any one of several necessary parties, but omitting other necessary parties, might transfer jurisdiction of the cause—the subject matter—to this court, so as to allow amendment to bring in the other necessary parties later, even after the expiration of the six months period if the omitted parties voluntarily come in. But it must be admitted that the appeal must be taken by a party to the cause. There can be no appeal without an appellant, and the appellant must have been a party to the cause in the trial court.

On the other hand, it is insisted that under Sections 4635-4636, C. G. L., an appeal should not be dismissed for want of proper parties, if the appeal, recorded within the time allowed by law, shall identify with reasonable certainty the judgment or decree sought to be reviewed; that proceedings in error are amendable as other proceedings. But this statute assumes that there must be a proper party appellant; otherwise there is no appeal. In Provident Savings Bank & Trust Co. v. Devito, 125 So. 235, we held that adversary parties have a right in the due observance of statutory regulations of the manner in which appeals should be made effective; that it is the *filing* of a legally sufficient entry of appeal which is essential to give this court jurisdiction of the cause, and that it is the due *recording* thereof which confers

jurisdiction of the parties. This latter, the jurisdiction of the person, may be waived, as by a voluntary appearance, but defects in the former, if so serious as to make it legally insufficient to transfer jurisdiction of the subject matter to this court, such as the total absence of any lawful party appellant, can not be cured by waiver. A stranger to the record can not transfer jurisdiction to the appellate court.

But in spite of all this, we do not think that this court would be justified in dismissing the appeal on account of the omission of the word "as" before the word "receiver" in the notice of entry of appeal, but we are inclined to the view that this defect should be treated as self-correcting by reference to the pleadings filed in the cause, for it was evidently the intention of Forcum to appeal in his capacity as receiver, else he would not have used the words "receiver for Union Bond & Mortgage Company" immediately following his name. The notice of appeal was filed in this cause, recorded in the chancery order book, and correctly identified the order appealed from. In was sufficient in all respects except as to the omission of the one word "as" before the word "receiver". Ordinarily, it must be admitted that the omission of the word "as" before "receiver", etc., would render the words "receiver," etc., merely *descriptio personae*. This rule was correctly applied in State v. Gray, 92 Fla. 1123, 111 So. 242, but it was said in the opinion by Mr. Justice Strum in that case:

"The authorities tend to recognize a qualification of the rule last stated, which qualification is to the effect that all the pleadings in a cause may be considered together to ascertain the true nature of the action, and that the character of the action—whether it be

against the defendant individually or against him as a copartner or in some representative capacity—will be determined from a consideration of the whole record. See Bank v. Schuler, 153 N.Y. 163, 47 N. E. 262, 60 Am. St. Rep. 601; United Press v. Abell Co., 73 App. Div. 240, 76 N. Y. S. 692.''

See also 3 C. J., 1033-1034; Palmer v. Johnson, 97 Fla. 479, 121 So. 466.

Manifestly, the appellees were not mislead as to who was taking this appeal, or in what capacity he was taking it. After the words ''A. P. Forcum, Receiver for Union Bond & Mortgage Company'', in the caption of the notice of appeal, there immediately follows the word, ''complainant.'' This shows that the appeal was being taken by Forcum in his capacity as Receiver, for the pleadings in the cause showed that Forcum was suing as Receiver for the Union Bond & Mortgage Co. No motion to dismiss the appeal was filed within ten days after the return day, as required by Supreme Court Rule 4. It was not until briefs were filed that the suggestion of the alleged lack of jurisdiction was made in the briefs of appellees.

This court has for many years held that statutes granting the right of appeal should be liberally construed. This spirit pervades sections 4635-4636, C. G. L. The record shows the representative capacity of Forcum; and the omission of the word ''as'' before the words ''Receiver for Union Bond and Mortgage Company'', when considered in connection with the record as a whole, will not be allowed to defeat the appeal.

While the motion of appellant to amend is denied, for the reasons above given, the contention of appellees that

the appeal should for the above reasons be dismissed is also denied.

The transcript did not contain a copy of the Governor's order directing Judge Jefferson B. Browne, of the 20th Judicial Circuit, who rendered the order here appealed from, to sit as a Circuit Judge in the 11th judicial circuit during the term of said court in which said order was rendered. But there has since been filed with this court a certificate of the clerk of the Eleventh Judicial Circuit containing a copy of the execution order and showing that the same had been duly entered of record in the minutes of the Circuit Court for Dade County, and also in the chancery order book, which appears to fully show the authority of Judge Browne to act as Circuit Judge during the term of the Circuit Court for Dade County at which the order appealed from was rendered. On application of appellant, this has been made a part of the record, which we consider meets the requirements announced in Realty Co. v. Fraleigh-Smith Inv. Co., 90 Fla. 769, 107 So. 174.

It appearing that this court has acquired appellate jurisdiction of the cause, the same shall retain its present place upon the docket of the court, and will be considered upon its merits when reached in due course. It is so ordered.

WHITFIELD, ELLIS, TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., dissents.