ZEOLIDE W. FLINN, *Appellant*, v. J. S. LISENBY, Receiver for East Florida Savings & Trust Company, a banking corporation, *Appellee*.

136 So. 599.

En Banc.

Opinion filed August 7, 1931.

778

*Hilburn, Merryday & Dowda,* for Appellant;

*Julian C. Calhoun* and *Richard Ervin, Jr.,* for Appellee.

BUFORD, C.J.—We find sufficient substantial evidence to support the decree in this case. Therefore, the same will not be reversed because of alleged error of the chancellor in his findings of fact upon which the decree is based. The caption of the suit in the lower court was "J. L. Lisenby, Receiver for East Florida Savings & Trust Company, a banking corporation, complainant, vs. Leolide W. Flinn, a widow, defendant." The first paragraph of the bill was as follows:

"Comes now your orator, J. S. Lisenby, the duly appointed and acting Receiver for the East Florida Savings & Trust Company, a Corporation formerly doing a banking business at Palatka, Putnam County, Florida, and brings this, his bill of complaint, against Zeolide W. Flinn, a widow, who resides at Palatka, County of Putnam and State of Florida, and, thereupon, your orator respectfully represents and shows unto your Honor as follows:"

Alias summons in chancery was as follows:

"THE STATE OF FLORIDA TO Zeolide W. Flinn, widow, GREETINGS:

You are hereby required to appear before the Circuit Court for the Twenty-fifth Judicial Circuit of Florida, County of Putnam, on the 3rd day of November A. D. 1930, at the Court House of said County, to answer a

bill of complaint filed against you in said Court by J. S. Lisenby, Receiver for East Florida Savings & Trust Company, a Banking Corporation, (MORTGAGE FORECLOSURE) and then and there to receive and abide by such judgment and decree as said Court shall have considered in this behalf. And this you are not to omit; upon pain of judgment by default being entered against you.

Witness, the Honorable GEO. WM. JACKSON, Judge of said Court and the Seal of this Court, at the City of Palatka, Florida, this 23rd day of October, A. D. 1930. (Official Seal)          W. A. Williams, Jr., Clerk.''

Upon which the following return was endorsed:

''Received October 24, 1930, and executed the within writ by delivering a true and correct copy of this original writ to the within named defendant, Zeolide W. Flinn, widow, and at the same time reading to her this the original writ and informing her of the contents thereof.

Done in Putnam County, Florida, this October 24, 1930.

P. M. Hagan, Sheriff<br>By L. S. Johnson, Jr.,<br>Deputy Sheriff.''

Decree pro confesso was entered against defendant for failure to appear. A Master was appointed to take testimony. Testimony was taken and a report was made. Final decree was entered on the 3rd day of December, 1930. Appeal was taken from final decree and subsequent orders prior to the entry of appeal on the 6th day of April, 1931.

The Decree finds, ''and that there is due from the defendant Zeolide W. Flinn, a widow, to the complainant, J. S. Lisenby, Receiver for the East Florida Savings & Trust Company, a banking corporation, the following''. Then follows the adjudications of several amounts due.

Appellant contends that in as much as she was served to appear and answer a bill of complaint filed by Lisenby, Receiver, etc., that the Court never acquired jurisdiction of her in this suit because it was necessarily a suit by Lisenby in his representative capacity as Receiver.

780

It is further contended that the Bill of Complaint did not set up such a cause of action as would show Lisenby, Receiver, was entitled to maintain the suit, but only that Lisenby *as* Receiver, was entitled to maintain the suit.

The Bill of Complaint shows clearly that Lisenby brought the suit in his capacity and under authority as Receiver and it appears that the enunciation of this Court in the case of Forcum vs. Symmes, filed March 24, 1931, reported 133 Sou. 88, applies. In that case it was said:

> "Where complainant sued in his capacity as receiver of corporation, complainant, if desiring to appeal from adverse decree, should appeal in such capacity; omission of word "as" from notice of entry of appeal by receiver is not necessarily fatal, where appellant's capacity can be readily determined from entire record. (Comp. Gen. Laws, 1927, #4635, #4636.)"

In this case the court had jurisdiction of the subject matter and of the parties. The defendant could not ignore the summons of the court regularly issued and served upon her and after final decree complain that the service was irregular or that the bill of complaint which she was required to answer was demurrable. By her failure to appear and plead, she waived her right to contest such irregularities, if any irregularities there be, as claimed.

Section 4162 R. G. S., 6102 C. G. L., provides in part as follows:

> "Such receiver, under the direction and supervision of the Comptroller, shall take possession of the books, records and assets of every description of such bank, banker, banking firm, banking and trust company or corporation, *and in his name* shall sue for and collect all debts, dues and claims belonging to it," etc.

Therefore, it appears that there was authority for Lisenby who had been duly appointed, qualified and confirmed as Receiver of the Bank, to maintain this suit.

The bill of complaint did not wholly fail to state a cause of action, and, therefore, a decree based upon the bill of

complaint to which do demurrer was filed will not be disturbed on appeal.

It must be observed that there is a distinction between two cases, one where the individual is served with process directed to him or her in his, or her, individual capacity to answer in a suit on an obligation for which such person in his, or her, individual capacity is liable, as in this case, and a suit in which process is sued out against several named persons, "partners doing business" etc., in which process applies only to named individuals *as* such, as was the case in Speight vs. Horne, Judge, et al., filed April 4, 1931, reported 133 Sou. 574.

In other words, if the process is directed to one as an individual and is properly served the court acquires jurisdiction of that one as an individual and may not enter judgment upon such service against that one in a representative capacity, and vice versa. But, if process is issued and served upon one as an individual and the pleadings show that such one is liable to the party maintaining the suit, as shown by the pleadings, the court acquires jurisdiction of the one upon whom service is made and if the bill of complaint or declaration does not wholly fail to state a cause of action which may be maintained by the plaintiff, the judgment or decree will not be reversed because it appears that the declaration or bill of complaint might have been held bad on demurrer.

It is contended that the amount allowed as solicitor's fees is excessive. The note and mortgage was a single contract and therefore must be read and construed together. The note limited the liability for attorney's fees to 10% of the recovery. This taken with the provisions of the mortgage in this regard should be construed to mean that the maker agreed to indemnify the payee and mortgagee to the extent of reasonable fees incurred in this behalf not exceeding 10% of the recovery. The Chancellor is directed to modify the decree in regard to Attorney's fees to comply herewith.

782

The decree when so modified shall stand affirmed.

Affirmed.

WHITFIELD, BROWN AND DAVIS, J.J., concur.

ELLIS AND TERRELL, J.J., not participating.