UNITED STATES FIDELITY AND GUARANTY CO. v.
GEORGE W. TUCKER.

159 So. 787.
Division B.
Opinion Filed February 12, 1935.
Rehearing Denied March 13, 1935.

*Arthur L. Auvil,* for Plaintiff in Error;
*W. Kenneth Barnes,* for Defendant in Error.

BUFORD, J.—The writ of error brings for review judgment in a suit in ejectment entered in the Circuit Court of Pasco County which was instituted by the plaintiff in error here and resulted in judgment in favor of the defendant.

The plaintiff claimed title under a sheriff's deed based on sale under an execution issued in the case of F. C. Durshimer v. Greer. The defendant claimed title under a quit claim deed dated 23 days after the date of the Sheriff's deed. It is not necessary for us to discuss or set out in detail the history of the case in which the judgment was entered and on which execution was issued. The controlling question for us to determine is presented by the following facts:

In the suit in which execution issued the Judge of the County Court filed a certificate of disqualification and thereupon the attorneys of record entered into a written stipulation agreeing upon an attorney at law to act as Judge *ad litem* to try the cause. The agreement so entered into was presented to the Judge *ad litem* and filed by him on October 31, 1921. It was placed in the files and was not recorded or entered upon the Court Minutes as directed by Section 2533 R. G. S., 4160 C. G. L., which section reads as follows:

"When from any cause, the Judge of a circuit or county court is disqualified from presiding in any civil case, the parties may agree upon an attorney-at-law, which agreement shall be entered upon the record of said cause, who shall be judge *ad litem,* and shall preside over the trial of, and make orders in said case, as if he were the Judge of the court.

"Nothing in this section shall prevent the parties from transferring the cause to another circuit or county court,

as the case may be, or they may have the case submitted to a referee."

This section, it appears, was a statutory re-enunciation of the declaration contained in Section 19 of Article V of the Constitution. Section 19 of Article V of the Constitution. however, does not require "which agreement shall be entered upon the record of said cause."

The record shows that the judgment was filed in the office of the Clerk of the Circuit Court of Pasco County, Florida, on the 22nd day of August, 1923, and recorded in "Co. Jud." Book No. 1, page 55, and record verified. There is no question raised about the proper entry and record of judgment. The sheriff's deed was excluded from being introduced in evidence upon the ground that there was no valid judgment to support the execution under which the sale was made and the deed was issued. The objection appears to have been sustained upon the theory that the statute above quoted is mandatory and requires the agreement of counsel whereby a judge *ad litem* is agreed upon to be entered upon the record of said cause before it can become effective and confer power on the person named therein to officiate as a judge *ad litem*. We do not so construe the statute. The provision of the Constitution in this regard does not require the agreement to be entered of record. That provision only requires, "The parties may agree upon an attorney at law who shall be judge *ad litem* and shall preside over the trial and make orders in said cause as if he were judge of the court." The record shows this was done and while compliance with the statute might have been necessary to effectuate regularity, it was not essential to the validity of the judgment.

The record shows that after this agreement of counsel was entered into and filed by the judge *ad litem* counsel for

both parties to the suit proceeded to try the cause before the judge *ad litem* named and that final judgment was entered by him without any question of his power or authority to enter such judgment, which facts are sufficient to constitute a waiver in behalf of both parties of any irregularity which may have occurred by reason of the agreement of counsel not having been entered on record in the case. The whole record shows that the agreement was made and that counsel acted upon that agreement at all times thereafter in the conduct of that trial.

The sheriff's deed was, therefore, improperly excluded insofar as the record here shows and if the only objection to its introduction is that the judgment was invalid because the agreement of counsel designating a judge *ad litem* was not entered of record in the case, the deed should have been admitted in evidence.

There is some contention presented here that the Judge of the county court improperly disqualified himself. That matter cannot be presented in a collateral attack on the judgment and if it could the parties are estopped from raising the question because the agreement appointing Honorable William Hunter as Judge *ad litem* specifically states that "the attorneys for parties, plaintiff and defendant, finding that the judge of said court is disqualified from presiding in the above stated case, hereby agree' etc. * * * A party may not admit the disqualification certified to by a trial judge to proceed with a trial before a judge ad litem and then, many years after judgment has been entered against him, be heard to contend that as a matter of fact the judge of the court who had certified to such disqualification was not in fact disqualified. These are elementary principles which require the citation of no authority. Neither is the citing of authorities necessary to support our conclu-

sion that the judgment in this case must be reversed because that conclusion is based solely upon the construction of our statute and constitutional provisions .

The judgment should be reversed and it is so ordered.

Reversed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.

DAVIS, J. (concurring).—Any order by which the judge of a court is superseded by another who becomes vested by law with judicial authority to act in his stead should be entered of record in the records of the court. Failure to do so is reversible error. Realty Co. v. Fraleigh-Smith Inv. Co. 90 Fla. 769, 107 Sou. Rep. 174; Forcum v. Symmes, 101 Fla. 1266, 133 Sou. Rep. 88.

Thus the commissions of Circuit Judges and Justices of the Supreme Court are habitually recorded in the minutes of the Circuit Courts and of the Supreme Court to show *of record* the identity of the *de jure* judge entitled to act as judge of such courts. And so executive orders charging judges must also be so recorded. See cases cited above.

But in no case is the failure to make a record of such appointments to be regarded as opening the judgments of the affected courts to collateral attack, since a *de facto* judge's acts are uniformly held to be valid as against collateral attack. See State, *ex rel.* Cohen, v. Milburn, decided at present term.

## ON REHEARING.

PER CURIAM.—On petition for rehearing the defendant in error suggests that the Court overlooked the principles of law enunciated in Potter v. Realty Securities Corporation, 77 Fla. 768, 82 Sou. 298. The contention is erroneous,

as is shown by the special concurring opinion of Mr. Justice Davis in the instant case.

In the case of Potter v. Realty Securities Corporation the attack on the judgment entered by a lawyer acting as Judge *ad litem* was made in an appellate proceeding by direct review. In the instant case the attempted attack on the judgment entered by the purported Judge *ad litem* is a collateral attack, which method cannot prevail to upset the judgment.

Petition for rehearing denied.

Ellis, P. J., and Terrell and Buford, J. J., concur.

Whitfield, C. J., and Brown and Davis, J. J., concur in the opinion and judgment.