397 So.2d 411 (1981)
ORANGE COUNTY, FLORIDA, a Political Subdivision of the State of Florida, and Ed Mason, As Chairman of the Board of County Commissioners of Orange County, On Behalf of the Citizens and Consumers of Orange County, Florida, Appellants,
v.
GAME AND FRESH WATER FISH COMMISSION, Appellee.
No. 81-29.
District Court of Appeal of Florida, Fifth District.
April 22, 1981.
*412 Philip H. Trees, of Gray, Adams, Harris & Robinson, P.A., Orlando, for appellants.
Jim Smith, Atty. Gen., and Thomas R. Tedcastle, Asst. Atty. Gen., Tallahassee, for appellee.
DAUKSCH, Chief Judge.
This is an appeal concerning the adoption of a rule by the Florida Game and Fresh Water Fish Commission (hereafter called "commission") which provided for a limited hunt of wild hogs and deer in the Tosohatchee Wildlife Management Area (hereafter called "Tosohatchee Preserve") in Orange County. We find that neither of the appellants was a party to the rulemaking proceeding in the lower tribunal and that neither is able to appeal this agency action to this court at this time.
The commission adopted rule 39-15.06 (hereafter called "rule") on December 4, 1980, which allowed hunting in the Tosohatchee Preserve. When the commission adopted this rule it acted as a lower tribunal. See Fla.R.App. P. 9.020(d). The adoption of the rule constituted "agency action"[1] which is reviewable by the district court of appeal. Sec. 120.68(2), Fla. Stat. (1979). Fla. Admin. Com'n v. Dist. Court of Appeal, 351 So.2d 712 (Fla. 1977). However, this review is limited to "[a] party adversely affected by final agency action... ." Sec. 120.68(1), Fla. Stat. (1979). The Administrative Procedure Act defines party in section 120.52(10), Florida Stat. (1979).[2]
Appellants contend that the commission failed to provide notice to all parties of this rulemaking proceeding as required by section 120.54(1)(a), Florida Statutes (1979). It is claimed that Orange *413 County had made a request for advance notice of any proceedings affecting the Tosohatchee Preserve. This request was made by means of a resolution adopted by the Board of County Commissioners of Orange County on March 9, 1978, which stated that any proposed management plan for the Tosohatchee Preserve should be reviewed by the board. However, the record fails to show that this resolution was ever sent to any state official or agency. In the absence of such a showing, it cannot be found that the adoption of this March 9, 1978 resolution constituted a request for advance notice of any rulemaking proceedings affecting the Tosohatchee Preserve. Thus Orange County has not shown that it was entitled to advance notice of this section 120.54 rulemaking proceeding.
This means that Orange County was not a party to the section 120.54 rulemaking proceeding in the lower tribunal. The record also shows that Mr. Ed Mason, as Chairman of the Board of County Commissioners of Orange County, Florida, on behalf of the citizens and consumers of Orange County, Florida, was not a party in the lower tribunal. The Orange County Commission authorized Mr. Mason to represent the interests of the residents of Orange County in proceedings relating to the Tosohatchee Preserve on January 9, 1981. This authorization may cause Mr. Mason to be a party for future proceedings concerning the Tosohatchee Preserve by reason of the provisions of section 120.52(10)(d), Florida Statutes (1979), but cannot operate to make him a party to the earlier rulemaking proceeding which had resulted in the adoption of the rule on December 4, 1980.
It is a fundamental principle of appellate law that appeal jurisdiction is only available to parties. Forcum v. Symmes, 101 Fla. 1266, 133 So. 88 (1931). In addition, the Administrative Procedure Act only provides for review of agency action by parties. Sec. 120.68, Fla. Stat. (1979). Since neither Orange County nor Ed Mason was a party in the lower tribunal, neither can maintain this appeal.
We have tried to consider this appeal as an application for any other proper relief. Fla.R.App.P. 9.040(c). However, we find that appellants have failed to exhaust their administrative remedies; therefore this court does not have subject matter jurisdiction. State, etc., v. Oyster Bay Estates, Inc., 384 So.2d 891, 895, n. 10 (Fla. 1st DCA 1980). See also Halifax Area Council v. City of Daytona Beach, 385 So.2d 184 (Fla. 5th DCA 1980); Brooks v. School Board of Brevard County, 382 So.2d 422 (Fla. 5th DCA 1980). This is because appellants may seek relief through a section 120.56 proceeding: "Any person substantially affected by a rule may seek an administrative determination of the invalidity of the rule on the ground that the rule is an invalid exercise of delegated authority." Sec. 120.56(1), Fla. Stat. (1979). This provision has been found to allow the challenge of existing rules. State, Dept. of Administration v. Stevens, 344 So.2d 290 (Fla. 1st DCA 1977).
If a section 120.56 proceeding fails to provide adequate relief, then relief should be sought in the circuit court. Gulf Pines Memorial Park v. Oaklawn Memorial, 361 So.2d 695 (Fla. 1978); See State ex rel. Dept. of General Services v. Willis, 344 So.2d 580 (Fla. 1st DCA 1977); "[T]he Administrative Procedure Act does not and cannot displace circuit court jurisdiction to enjoin enforcement of facially unconstitutional agency rules." 344 So.2d at 590. Rather the act only allows any party to seek review of final agency action. Sec. 120.68, Fla. Stat. (1979).
Since the appellants cannot appeal the commission's action in this case because they were parties to that proceeding and the appellants have adequate administrative remedies, we do not have jurisdiction of this cause.
APPEAL DISMISSED.
ORFINGER and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] Sec. 120.52(2), Fla. Stat. (1979).
[2] "Party" means:

(a) Specifically named persons whose substantial interests are being determined in the proceeding.
(b) Any other person who, as a matter of constitutional right, provision of statute, or provision of agency regulation, is entitled to participate in whole or in part in the proceeding, or whose substantial interests will be affected by proposed agency action, and who makes an appearance as a party.
(c) Any other person, including an agency staff member, allowed by the agency to intervene or participate in the proceeding as a party. An agency may by rule authorize limited forms of participation in agency proceedings for persons who are not eligible to become parties.
(d) Any county representative, agency, department, or unit funded and authorized by state statute or county ordinance to represent the interests of the consumers of a county, when the proceeding involves the substantial interests of a significant number of residents of the county and the board of county commissioners has, by resolution, authorized the representative, agency, department, or unit to represent the class of interested persons. The authorizing resolution shall apply to a specific proceeding and to appeals and ancillary proceedings thereto, and it shall not be required to state the names of the persons whose interests are to be represented.
.....