500 So.2d 324 (1986)
FLORIDA ASSOCIATION OF NURSE ANESTHETISTS, Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, BOARD OF DENTISTRY, Appellee.
Nos. BL-59, BM-164.
District Court of Appeal of Florida, First District.
December 30, 1986.
*325 Michael I. Schwartz, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and John E. Griffin, Asst. Atty. Gen., Tallahassee, for appellee.
William B. Taylor, IV, of Macfarlane, Ferguson, Allison & Kelly, Tampa, for amici curiae Florida Dental Ass'n, Inc. and Earl L. Williams, D.D.S.
WIGGINTON, Judge.
These consolidated appeals involve the Board of Dentistry's decision to require dentists intending to supervise nurse anesthetists to be qualified under rule 21G-14 to personally administer anesthesia or sedation on an outpatient basis. In Case No. BL-59, appellant challenges the Board's final order to that effect in response to an amended petition for declaratory statement filed by the Florida Dental Association, Inc. In Case No. BM-164, appellant takes issue with the hearing officer's final order filed in response to appellant's challenge to the then proposed amendments to rule 21G-14 requiring dentists to be so qualified. We affirm on both points.
In Case No. BL-59, the Florida Dental Association requested a declaratory statement on the necessary certification required of a dentist to supervise medical treatment rendered by a certified nurse anesthetist, and the level of supervision applicable, as "supervision" is defined in chapter 466, Florida Statutes. A response was filed by appellant accompanied by a memorandum of law in opposition to the association's position on the issue. The association filed a reply to the response.
In its final order, appellee ruled that only those dentists who are qualified under rule 21G-14 personally to administer anesthesia or sedation on an outpatient basis may permissibly supervise a nurse anesthetist. Appellee also held that chapter 466, the Dental Practice Act, requires that the dentist's supervision of the nurse anesthetist must be direct as that term is defined in section 466.003(8), Florida Statutes (1985).[1] Appellant was named in the final order and was served with a copy of that order.
On appeal, appellant complains that the area of expertise to which the final order is directed is actually one regulated under chapter 464 by the Board of Nursing, since it pertains to advanced level nursing. Appellant also points to appellee's reliance in its order on section 466.002(2), and argues that that section in fact exempts such a directly supervised relationship from the Dental Practice Act.[2]
In response, appellee first asserts that appellant lacks standing to appeal this issue since it was not a party below, citing to section 120.68(1), Florida Statutes, and Orange *326 County, Florida v. Game and Fresh Water Fish Commission, 397 So.2d 411 (Fla. 5th DCA 1981). It points out that neither the original petition nor the amended petition for declaratory statement named appellant as a party, and that appellant never requested or was accorded party status. Moreover, appellee maintains that appellant's utilization of the opportunity to comment did not confer party status.
Before proceeding to appellee's argument on the merits, we pause in order to address the standing issue and hold that appellant indeed was a party below and has standing to appeal. Given the fact that appellant was allowed to participate in the proceeding by filing a response and memorandum of law, to which the Florida Dental Association responded, and that appellee named appellant in its order and served appellant a copy of the final order, appellant was effectively "[a]ny other person ... allowed by the agency to intervene or participate in the proceedings as a party." Section 120.52(10), Fla. Stat. (Emphasis added.) Appellant's participation below serves to distinguish this case from the circumstances in Orange County, Florida v. Game and Fresh Water Fish Commission, wherein neither of the appellants attended the contested rulemaking proceeding. More important, however, is the fact that appellant's participation below was uncontested; thus, the issue as to whether appellant was a party has been waived. Cf. Sarasota County v. Department of Administration, 350 So.2d 802, 805 n. 4 (Fla. 2d DCA 1977).
Turning to the merits in BL-59, we agree with appellee's position, joined in by amici, that the final order serves only to regulate dentists, not nurse anesthetists. Section 466.017(3)(c) empowers appellee to regulate a dentist's use of anesthesia by adopting rules establishing "minimal training, education, experience, or certification." Certainly, the term "use" should not be interpreted so narrowly as to mean only the dentist's personal use of anesthesia, but to encompass as well the use of anesthesia by a nurse anesthetist under the dentist's direct supervision. With all due respect to the outstanding qualifications of its members, appellant's construction of sections 464.003(3)(c) and 464.012(4)(a) as permitting a dentist with no specialized training in the administration of anesthesia to supervise directly a nurse anesthetist merely by his presence alone is unreasonable.[3] Since they relate to similar subject matter, those sections must be read in pari materia with sections 466.017(3)(c), 466.002(2), and 466.003(8). Indeed, by their own terms, sections 464.003(3)(c) and 464.012(4)(a) mandate the observation of the dental profession's established protocol.
Appellant's reliance on the exemption provision of section 466.002(2) is as equally unfounded and ignores the definition of "direct supervision" in section 466.003(8).[4] That section defines "direct supervision" as requiring, among other things, the dentist to authorize the procedure to be performed, and to approve the work actually performed, i.e., in this case, the administration of anesthesia or sedation by a nurse anesthetist. Certainly, a dentist with no training in the administration of anesthesia, its complications, and its consequences is not in a position under the statute to authorize or approve the administration of anesthesia to a patient. Moreover, as appellee maintains, the exemption contained in section 466.002(2) is there to relieve the nurse anesthetist from the necessity of being licensed under chapter 466; it is not intended to place the dentist-nurse anesthetist relationship under the aegis of chapter 464. *327 In short, no argument or statutory construction presently advanced by appellant serves to remove the dentist from appellee's regulation as authorized by chapter 466. Thus, in Case No. BL-59, we affirm the final order.
Next, in Case No. BM-164, appellant raises two points challenging the hearing officer's findings below that the then-proposed amendment to rule 21G-14.001(7) and proposed rule 21G-14.005(1),[5] were valid exercises of delegated legislative authority, and that the accompanying economic impact statement was sufficient. We need not reach these points, however, as they were findings made by the hearing officer "assuming arguendo" that appellant had standing to challenge the proposed amendment and rule under section 120.54(4), Florida Statutes. Significantly, as appellee points out, the hearing officer first concluded that appellant lacked standing. As set forth in his final order:
Based upon the evidence presented, Petitioner [Florida Association of Nurse Anesthetists] has not established that the effect of these proposed rules on its members will be real and immediate, or that its members will be "substantially affected" in any way by their adoption. Section 120.54(4)(a), Florida Statutes. Petitioner also has not shown that these rules are within the association's general scope of interest and that the relief sought herein is appropriate for an association such as Petitioner to receive on behalf of its members. Florida Home Builders Association v. Department of Labor and Employment Security, 412 So.2d 351, 353 (Fla. 1982); Board of Optometry, Department of Professional Regulation v. Florida Medical Association, 463 So.2d 1213 (Fla. 1st DCA 1985). Therefore, Petitioner has not established its standing to challenge the proposed rules here in question.
As curious as it may seem, given its impact on appellant's case, the hearing officer's conclusion that appellant lacked standing was not raised by appellant as a point on appeal in Case No. BM-164. However, as a point of clarification in its answer brief, appellee enlighened this Court on the fact that the basis of the hearing officer's final order was appellant's lack of standing, thus rendering moot any discussion of the issues actually raised by appellant as points on appeal concerning the merits of the order. In light of this rather fundamental omission on appellant's part, it is not surprising that it asserts in its reply brief that it "does contest" the hearing officer's determination on standing and proceeds to hastily argue the point. Nevertheless, whether the omission was indeed an oversight, or otherwise, we decline to entertain this question raised at such a late date. Board of Regents v. Budjan, 242 So.2d 163 (Fla. 1st DCA 1970). Consequently, the hearing officer's conclusion that appellant lacked standing to challenge the proposed rules controls and renders moot any question of the rule's validity. We affirm the final order of the hearing officer in Case No. BM-164 denying appellant's challenge to the rules.
AFFIRMED.
SMITH and THOMPSON, JJ., concur.
NOTES
[1] Section 466.003(8) states:

"Direct supervision" means supervision whereby a dentist diagnoses the condition to be treated, a dentist authorizes the procedure to be performed, a dentist remains on the premises while the procedures are performed, and a dentist approves the work performed before dismissal of the patient.
[2] Section 466.002(2) exempts from the operation of chapter 466 "[t]he giving by a qualified anesthetist of an anesthetic for a dental operation under the direct supervision of a licensed dentist."
[3] Section 464.003(3)(c) provides in relevant part:

Unless otherwise specified by the joint committee, such acts [of advanced level nursing] shall be performed under the general supervision of a practitioner licensed under chapter 458, chapter 459, or chapter 466 within the framework of standing protocols which identify the medical acts to be performed and the conditions for their performance.
Section 464.012(4)(a) adds:
The nurse anesthetist may, to the extent authorized by established protocol approved by the medical staff of the facility in which the anesthetic service is performed, perform any or all of the following: .. .
(Emphasis added.)
[4] See footnotes 1 and 2, supra.
[5] By order dated May 6, 1986, this Court denied appellant's motion to stay the promulgation and filing of the rules. Thus, the rules stand as amended.

Rule 21G-14.001(7) now states:
Office team approach  A methodology employed by a dentist in the administration of general anesthesia and parenteral conscious sedation whereby the dentist may use one or more qualified anesthetic auxiliaries who, working under the direct supervision of the dentist, assist the dentist, and assist in emergency care of the patient.
Rule 21G-14.001(5) provides:
Application for Permit.
(1) No dentist shall administer or supervise the administration of general anesthesia, or parental conscious sedation in a dental office for dental patients, unless such dentist possesses a permit issued by the Board. The dentist holding such a permit shall be subject to review and such permit must be renewed biennially.