705 So.2d 63 (1997)
Bonnie BARNETT, under conditional assignment of right to appeal by Citibank, F.S.B., Appellant,
v.
Elliott BARNETT, Atlas, Pearlman, Trop & Borkson, P.A., and Bunnell, Woulfe, Kirschbaum, Keller & McIntyre, Appellees.
No. 97-3089.
District Court of Appeal of Florida, Fourth District.
December 24, 1997.
William S. Isenberg and Perry C. Craver of Latona & Isenberg, Fort Lauderdale, for appellant.
Nancy W. Gregoire and Dana S. Gehret of Bunnell, Woulfe, Kirschbaum, Keller & *64 McIntyre, P.A., Fort Lauderdale, for Appellees-Elliott B. Barnett and Bunnell, Woulfe, Kirschbaum, Keller & McIntyre.
Robin Corwin Campbell, Jan Douglas Atlas and Eric Lee of Atlas, Pearlman, Trop & Borkson, P.A., Fort Lauderdale, for Appellees-Atlas, Pearlman, Trop & Borkson, P.A.

ON APPELLEES' MOTION TO DISMISS
PER CURIAM.
This appeal arose from a dissolution action in the court below. Citibank moved ore tenus in the dissolution action to establish the priority of its lien over that of the parties' attorneys with respect to the proceeds of the sale of a Botero sculpture. Citibank was not a party to the proceedings below; it moved neither to intervene nor to consolidate its pending foreclosure case with the dissolution action. The trial court denied Citibank's ore tenus motion for priority of its lien in an order dated July 29, 1997. Citibank assigned to the wife any rights it might have had to appeal the order denying it priority, and it is in her capacity as assignee that the wife filed the instant appeal.
Appellees' motion to dismiss the appeal is well taken. The wife, as assignee, stands in the shoes of Citibank. Since Citibank was not a party in the dissolution action below, it had no standing to appeal the adverse order. Florida Rule of Appellate Procedure 9.020(f)(1) defines "[a]ppellant" as a "party who seeks to invoke the appeal jurisdiction of a court." (Emphasis supplied). The general rule is that a non-party is a "stranger to the record" who cannot "transfer jurisdiction to the appellate court." Forcum v. Symmes, 101 Fla. 1266, 133 So. 88 (1931). See also Estate of Maltie v. State, 404 So.2d 384 (Fla. 4th DCA 1981); Orange County, Florida v. Game and Fresh Water Fish Comm'n, 397 So.2d 411 (Fla. 5th DCA 1981).
In re Receivership of Guarantee Security Life Insurance Co., 678 So.2d 828 (Fla. 1st DCA 1996), upon which appellant relies, presents a unique factual situation which is not present in this case. In Guarantee Security, a court entered an order in a receivership proceeding which curtailed certain litigants' ability to conduct discovery in a separate lawsuit. The first district ruled that even though the litigants were not parties to the statutory receivership proceeding, they had standing on appeal to challenge the order that directly impacted the development of the case in which they were named defendants. Guarantee Security is best read as a narrow exception to the general rule that a non-party has no standing to appeal an order in a case.
Appellees' motion to dismiss the appeal is granted and the appeal is dismissed as to all parties.
GROSS, WARNER and SHAHOOD, JJ., concur.