760 So.2d 954 (1999)
Karin M. STAS, et al., Appellants,
v.
Clara POSADA, Appellee.
No. 99-1106.
District Court of Appeal of Florida, Third District.
September 1, 1999.
*955 Sweetapple, Broeker & Varkas, and Paul B. Feltman, Miami, for appellants.
Castillo, Stafford & Wald, and Angel Castillo, Jr., Coral Gables, for appellee.
Before SCHWARTZ, C.J., and GERSTEN, and GREEN, JJ.

ON MOTION TO DISMISS
GERSTEN, J.
We grant Clara Posada's motion to dismiss appellants Karin Stas and Juan Mueller from the instant appeal for lack of standing. Appellant Karin Stas has no ownership interest in the property awarded to the plaintiff and, consequently, is not affected by the judgment entered below. With no interest at stake, she is precluded from seeking appellate review. See Credit Indus. Co. v. Remark Chem. Co., 67 So.2d 540 (Fla.1953); King v. Brown, 55 So.2d 187 (Fla.1951); Estate of Rose v. First Nat'l Bank of Miami, 165 So.2d 226 (Fla. 3d DCA 1964).
Appellant Juan Mueller was not a party below and made no effort to intervene in the action. Consequently, he too is precluded from seeking appellate review. See Forcum v. Symmes, 101 Fla. 1266, 133 So. 88 (1931); Barnett v. Barnett, 705 So.2d 63 (Fla. 4th DCA 1997); Orange County v. Game & Fresh Water Fish Comm'n, 397 So.2d 411 (Fla. 5th DCA 1981); see also Marino v. Ortiz, 484 U.S. 301, 108 S.Ct. 586, 98 L.Ed.2d 629 (1988) (holding that, under the federal rules of procedure, nonparties aggrieved by a judgment should seek intervention for purposes of appeal, in the trial court, prior to filing an appeal); Wags Transp. Sys., Inc. v. City of Miami Beach, 88 So.2d 751 (Fla.1956) (holding that nonparties may intervene in an action for appellate purposes after a judgment has been entered where justice so requires).
Accordingly, Karin Stas and Juan Mueller are hereby dismissed from the instant appeal.