BROWNING, J.
International Longshoremen’s Association, Deep Sea Local 1408 (Appellant), one of the defendants in the trial court, appeals a non-final order granting the plaintiffs’/appellees’ motion to certify a settlement class. We have jurisdiction of such orders pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(vi) (providing for immediate appeal of order determining a class should be certified). However, Appellees contend that Appellant, a nonsettling defendant, lacks standing as a matter of law to appeal the order certifying the settlement class. See, e.g., Zupnick v. Fogel, 989 F.2d 93, 98 (2d Cir.1993) (“Usually, a nonsettling defendant lacks standing to object to a court order approving a partial settlement because a nonsettling defendant is ordinarily not affected by such a settlement.”); Agretti v. ANR Freight Syst, Inc., 982 F.2d 242 (7th Cir.1992); Waller v. Financial Corp. of America, 828 F.2d 579 (9th Cir.1987); Quad/Graphics, Inc. v. Fass, 724 F.2d 1230 (7th Cir.1983); In re Viatron Computer Systs. Corp. Litigation, 614 F.2d 11 (1st Cir.1980).[1] This appeal is dismissed because Appellant lacks standing. Credit Indust. Co., Ltd. v. Remark Chem. Co., Inc., 67 So.2d 540 (Fla.1953); Consolidated City of Jacksonville v. Buffkin, 768 So.2d 1253 (Fla. 1st DCA 2000) (dismissing appeal for lack of jurisdiction and lack of standing); Stas v. Posada, 760 So.2d 954, 955 (Fla. 3d DCA 1999) (on mot. to dismiss) (dismissing appellants from appeal because they lacked ownership interest in property awarded to plaintiff by trial court and, consequently, were “not affected by the judgment entered below”); Page v. Randall, 750 So.2d 76 (Fla. 2d DCA 1999).
Appellant has the burden to demonstrate it has standing. In re School Asbestos Litigation, 921 F.2d 1330 (3d Cir.1991). While acknowledging the general rule that a nonsettling defendant lacks standing to challenge a certification of a settlement class of other defendants, Appellant argues the instant facts bring it within the recognized exception to the general principle, which permits a nonsettling defendant to object “where it can demonstrate that it will sustain some formal legal prejudice as a result of the settlement.” Waller, 828 F.2d at 583; Agretti, 982 F.2d at 246-47; In re Beef Industry Antitrust Litigation, 607 F.2d 167 (5th Cir.1979). Appellant has not met its burden to show it will suffer plain legal prejudice or otherwise be irreparably damaged if it is not permitted to proceed with this appeal. Agretti, 982 F.2d at 242. Because Appellant lacks standing and this threshold issue *341 is dispositive of the appeal, we need not reach the merits of Appellant’s arguments as to whether the settlement class was properly certified under Rule 1.220(a) & (b).
Accordingly, this appeal is DISMISSED for lack of standing.
WOLF and VAN NORTWICK, JJ., concur.

. Because Florida's “class action” provision, Florida Rule of Civil Procedure 1.220, is based on Federal Rule of Civil Procedure 23, we can consider federal cases as persuasive authority in the interpretation of the state rule. Concerned Class Members v. Sailfish Point, Inc., 704 So.2d 200 (Fla. 4th DCA 1998); Broin v. Philip Morris Cos., Inc., 641 So.2d 888 (Fla. 3d DCA 1994).