# Third District Court of Appeal

## State of Florida

Opinion filed October 10, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1393
Lower Tribunal No. 17-16625
_____


**The City of Coral Gables,**
Appellant,

vs.

**Pedro J. Garcia, etc., et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Spencer Eig, Judge.

Rennert Vogel Mandler & Rodriguez, P.A., and Thomas S. Ward, for appellant.

Abigail Price-Williams, Miami-Dade County Attorney, and Ileana Cruz, Assistant County Attorney, for appellee Pedro J. Garcia, as Property Appraiser of Miami-Dade County, Florida; Pamela Jo Bondi, Attorney General, and Timothy E. Dennis, Chief Assistant Attorney General (Tallahassee), for appellee Leon M. Biegalski, Executive Director of the State of Florida Department of Revenue.


Before LAGOA, FERNANDEZ, and LINDSEY, JJ.

LAGOA, J.

Pedro J. Garcia, as Property Appraiser for Miami-Dade County (the "Property Appraiser"), moves to dismiss The City of Coral Gables's ("the City") appeal of three orders—an "Order on Property Appraiser's Motion to Strike The City of Coral Gables and the Amended Counterclaim" (the "Second-Strike Order"), an "Order on The City of Coral Gables' Motion for Rehearing" (the "Order Denying Rehearing"), and an "Order on The City of Coral Gables' Motion to Join or Intervene" (the "Order Denying Intervention")—for lack of jurisdiction. For the reasons discussed below, we grant the Property Appraiser's motion to dismiss as to both the Second-Strike Order and the Order Denying Rehearing, but deny the motion to dismiss as to the Order Denying Intervention.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The Property Appraiser commenced an action in Miami-Dade County Circuit Court against Merrick Park LLC ("Merrick Park") and Leon M. Biegalski, as Executive Director of the State of Florida Department of Revenue, to contest the 2016 tax assessment value by the Miami-Dade County Value Adjustment Board of real property improvements owned by Merrick Park. Merrick Park is solely responsible for paying the ad valorem taxes assessed on its property improvements,

2

and the Property Appraiser did not name the City as a party-defendant in his complaint against Merrick Park.

In response to the Property Appraiser's complaint, Merrick Park filed both an answer and a two-count counterclaim. The first count of the counterclaim was solely pled by Merrick Park. The second count of the counterclaim, however, was solely pled by the City. The City's counterclaim sought to commence an action against the Property Appraiser to contest the 2016 tax assessment of land that the City owns and leases to Merrick Park. The City did not move to intervene in the case before or contemporaneous with the filing of its counterclaim.

On September 29, 2017, the Property Appraiser moved to strike the City's counterclaim, arguing that Merrick Park lacked standing to assert the City's counterclaim. After a hearing, the trial court entered an "Order on Motion to Dismiss or Strike Count II of the Counterclaim and Strike Tax Collector as Counter-Defendant" (the "First-Strike Order"). In the First-Strike Order, the trial court found that because "[t]he Property Appraiser did not bring suit against" the City, the City was "not a party defendant in the instant matter," and that Merrick Park did not have standing to bring the City's counterclaim. As such, the trial court dismissed the City's counterclaim without prejudice.

Subsequently, on February 20, 2018, Merrick Park and the City filed an amended counterclaim. Count II of the amended counterclaim was asserted jointly

3

by Merrick Park and the City—again without the City moving to intervene in the case—contesting the tax assessment of the City's land. On March 14, 2018, the Property Appraiser moved to strike the amended counterclaim and the City from the case. After a hearing, the trial court entered the Second-Strike Order on April 11, 2018, striking the amended counterclaim and finding that the City was "not a party to this suit." On April 25, 2018, the City moved for rehearing of the Second-Strike Order and filed a "Motion to Join or Intervene" (the "Motion to Intervene") in the case. On June 4, 2018, the trial court entered the Order Denying Rehearing and the Order Denying Intervention.

On June 29, 2018, the City appealed the Second-Strike Order, the Order Denying Rehearing, and the Order Denying Intervention. On July 19, 2018, the Property Appraiser moved to dismiss the appeal for lack of jurisdiction.

II.     ANALYSIS

In his motion to dismiss the instant appeal for lack of jurisdiction, the Property Appraiser contends that the City lacks standing to appeal the Second-Strike Order, as well as the Order Denying Rehearing, as the City is a non-party to the case. We agree.

As a general rule, "a non-party in the lower tribunal is a 'stranger to the record' and, therefore, lacks standing to appeal an order entered by the lower tribunal." Portfolio Invs. Corp. v. Deutsche Bank Nat'l Tr. Co., 81 So. 3d 534, 536

4

(Fla. 3d DCA 2012) (quoting Barnett v. Barnett, 705 So. 2d 63, 64 (Fla. 4th DCA 1997)); see also YHT & Assocs., Inc. v. Nationstar Mortg. LLC, 177 So. 3d 641, 642 (Fla. 2d DCA 2015) ("Because the trial court denied YHT's motion to intervene and YHT did not appeal that order, it has no standing to appeal the final judgment . . . ."). For example, in Barnett, a non-party bank "moved ore tenus in [a] dissolution action to establish the priority of its lien over that of the parties' attorneys" on an item of the parties' property, but had not moved to intervene in the case. 705 So. 2d at 64. After the trial court denied the bank's motion to establish lien priority, the bank assigned any right it had to appeal the order to the wife in the case, and the wife subsequently appealed. Id. The Fourth District Court of Appeal found that because the bank "was not a party in the dissolution action below, it had no standing to appeal the adverse order," and thus, the wife could not appeal the order. See id.; see also, e.g., Hood v. Union Planters Bank, 941 So. 2d 1175, 1176 (Fla. 1st DCA 2006) ("Appellant . . . has no standing to appeal this foreclosure because he was not one of the parties named below, and made no effort to intervene."). Indeed, a non-party seeking to participate in a case must generally move to intervene in the proceedings. See Bondi v. Tucker, 93 So. 3d 1106, 1111 (Fla. 1st DCA 2012) ("Even a party able to intervene as a matter of right must obtain a court order allowing intervention."); Stas v. Posada, 760 So. 2d 954, 955 (Fla. 3d DCA 1999) ("Appellant . . . was not a party below and made no

5

effort to intervene in the action. Consequently, he too is precluded from seeking appellate review.").

In the instant case, the Property Appraiser did not name the City as a party-defendant in its complaint against Merrick Park contesting the tax assessment of Merrick Park's property. Without moving to intervene in the case, the City twice attempted to assert a counterclaim against the Property Appraiser as part of Merrick Park's response to the complaint. In striking the counterclaim both times, the trial court correctly found that the City was not a party to the case. The City, as a non-party, lacks standing to appeal the trial court's Second-Strike Order, and we therefore dismiss the City's appeal as to the Second-Strike Order and the Order Denying Rehearing.

The City also appeals the trial court's order denying its Motion to Intervene in the case filed after the entering of the Second-Strike Order. It is well-established that a non-party to a case may appeal an order denying its motion to intervene. See, e.g., Bymel v. Bank of Am., N.A., 159 So. 3d 345, 345 (Fla. 3d DCA 2015); Superior Fence & Rail of N. Fla. v. Lucas, 35 So. 3d 104, 105 (Fla. 5th DCA 2010) (en banc) (per curiam) ("[A]n order denying a motion to intervene is appealable as a matter of right, by plenary appeal, because the order constitutes a final determination of the proceeding as to the parties seeking to intervene."); see also Quinones v. Se. Inv. Grp. Corp., 138 So. 3d 549, 549-50 (Fla. 3d DCA 2014)

6

("With regard to the order denying Appellants' motion to intervene, because the order constituted a final determination of the proceedings as to Appellants, they were required to seek direct review of the order by filing a notice of appeal within thirty days of its rendition." (footnote omitted)). Thus, the City has standing to appeal the trial court's order denying its motion to intervene, and we therefore deny the Property Appraiser's motion to dismiss as to the Order Denying Intervention.

III.  CONCLUSION

Because the City was not a party to the case when it asserted its counterclaim against the Property Appraiser in the amended counterclaim, we grant the Property Appraiser's motion to dismiss the appeal as to the trial court's Second-Strike Order and the Order Denying Rehearing. The Property Appraiser's motion, however, is denied as to the trial court's Order Denying Intervention. Accordingly, on appeal, the City is limited to making arguments based on the trial court's denial of its Motion to Intervene in the case.

Motion to dismiss appeal granted in part, denied in part.