# Third District Court of Appeal

## State of Florida

Opinion filed September 18, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1773
Lower Tribunal No. 25-88312-CC-05

_____

**Liliana Sanchez**,
Appellant,

vs.

**Consolidated Real Estate Investments, etc., et al.**,
Appellees.

An Appeal from the County Court for Miami-Dade County, Michael G. Barket, Judge.

David J. Winker, P.A., and David J. Winker; Wesoloski Carlson, P.A., and Erik D. Wesoloski, for appellant.

Kozyak Tropin & Throckmorton, LLP, and Tal J. Lifshitz, Rasheed K. Nader, Abe A. Bailey and Alexandra D. Giraldo, for appellee Consolidated Real Estate Investments.

Before SCALES, C.J., and LOBREE, and GOODEN, JJ.

PER CURIAM.

## *ON ORDER TO SHOW CAUSE*

Pursuant to section 723.061, Florida Statutes, Appellee Consolidated Real Estate Investments filed the instant eviction action in Miami-Dade County Court in May 2025. While Luis Armando Chanlatte is the only named defendant in the eviction action, Appellee's complaint seeks to evict Chanlatte "and all others in possession of" the property.

On September 8, 2025, Chanlatte, through counsel, filed a paper styled "Notice of Plaintiff's Violation of Fla Stat Section 48.184 For Failure to Serve Co-Defendants," arguing that the trial court could not enter a judgment granting possession "until such time the Court has jurisdiction over all Defendants in possession of the subject property." Chanlatte asserted that, pursuant to section 48.184(2), (3), Florida Statutes, to acquire jurisdiction over unknown persons in possession, a summons issued in the name of "Unknown Party or Parties in Possession" must be served on any unknown occupant. Chanlatte's Notice "requests" the court to "find" that Appellee's alleged failure to comply with section 48.184, Florida Statutes, "prohibits a judgment of eviction and writ of possession in this cause."

Our limited record does not reflect that Chanlatte set his Notice for hearing or that the trial court otherwise separately adjudicated Chanlatte's request contained in the Notice. The trial court did, though, enter a final

2

summary judgment of eviction a few days later, on September 11, 2025. The judgment notes that it is entered in favor of Appellee and against Chanlatte "and all others in possession of" the subject property.

But the instant appeal of the final judgment and the associated writ of possession is not brought by Chanlatte. It is brought by Appellant Liliana Sanchez. According to her briefing, Sanchez resides with Chanlatte, her husband, in the mobile home property. With her notice of appeal of the eviction judgment, Sanchez filed an emergency motion seeking to stay the issuance of the writ of possession.

Sanchez's name is not listed on the final judgment as a party and it does not appear that Sanchez made any attempt below to intervene or to contest lack of service before entry of the final judgment. Her name appears nowhere on Chanlatte's Notice and Chanlatte's attorney did not file a notice of limited appearance for Sanchez before entry of final judgment, as contemplated by Florida Rule of Civil Procedure 1.040. Instead, after entry of final judgment, Sanchez simply filed this appeal.[1] Hence, without addressing the merits of Sanchez's appeal or her emergency motion to stay,

---

[1] Her attorney also filed a notice of limited appearance *after* final judgment was rendered.

3

we issued an order requiring Sanchez to show cause as to why her appeal should not be dismissed for lack of standing.

As defined by the Florida Rules of Appellate Procedure, an "Appellant" is "[a] party who seeks to invoke the appeal jurisdiction of a court." Fla. R. App. P. 9.020(g)(1). "Appellate review is limited to the parties in the lower tribunal." Morrell v. Nat'l Health Invs., Inc., 876 So. 2d 580, 580 (Fla. 1st DCA 2004). Indeed, a nonparty is a "stranger to the record" who cannot "transfer jurisdiction to the appellate court." Forcum v. Symmes, 133 So. 88, 89 (Fla. 1931). A nonparty lacks standing to appeal an order by the trial court. Portfolio Invs. Corp. v. Deutsche Bank Nat'l Tr. Co., 81 So. 3d 534, 536 (Fla. 3d DCA 2012). See also Simmonds v. Olaechea, 307 So. 3d 969, 970 (Fla. 3d DCA 2020) ("Simmonds was never named as a party nor did he move to intervene in the lower court proceedings. As such, Simmonds lacks standing to pursue the instant appeal."); Hood v. Union Planters Bank, 941 So. 2d 1175, 1176 (Fla. 1st DCA 2006) ("Appellant Anthony Hood has no standing to appeal this foreclosure because he was not one of the parties named below, and made no effort to intervene."); Penabad v. A.G. Gladstone Assocs., Inc., 823 So. 2d 146, 147 (Fla. 3d DCA 2002) ("Furthermore, Novel Penabad was not a party to the underlying motion to dissolve a lis pendens and, therefore, also has no standing here."); Barnett v. Barnett, 705 So. 2d

4

63, 64 (Fla. 4th DCA 1997) (holding that bank that failed to intervene "was not a party to the proceedings below," and therefore, "had no standing to appeal the adverse order"); cf. Stas v. Posada, 760 So. 2d 954, 955 (Fla. 3d DCA 1999) (noting appellant did not have ownership interest in property).

As we previously explained, "[a] non-party seeking to participate in a case must generally move to intervene in the proceedings. As a general rule, it is too late to apply for intervention after a final decree has been entered." Edwards v. CIT Bank, N.A., 306 So. 3d 217, 219 (Fla. 3d DCA 2020) (internal citations omitted).

Because Liliana Sanchez was not a party below and did not seek to intervene before entry of judgment, she lacks standing to file this appeal. As a result—without reaching the merits of Sanchez's arguments or opining as to what (if any) remedies may be available to her—we dismiss the appeal.

Dismissed.